*Decisions will be entered for the respondent.*

CHARLES A. WAHLSTROM, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 48937-86.      Filed March 29, 1989.

*Edward B. Simpson* and *John Gigounas,* for the petitioner.

*Patricia Montero,* for the respondent.

## OPINION

PARR, *Judge:* Respondent determined a deficiency of $11,978 against petitioner and additions to tax as follows for the 1983 taxable year:

| Sec. 6653(a)(1) | Sec. 6651 | Sec. 6661(a) | Sec. 6653(a)(2) | Sec. 6654(a) |
|---|---|---|---|---|
| $598.90 | $2,939 | $1,197.80 | [1] | $836.51 |

[1] 50 percent of the interest due on the deficiency.

This case is currently before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent claims that the Court lacks jurisdiction in this case because the automatic stay provisions of section 362(a)(8) of the

bankruptcy code preclude the commencement or continuation of a suit in the Tax Court. Petitioner does not disagree that Tax Court proceedings are stayed while the automatic stay is in effect. Instead, petitioner argues that when the bankruptcy court confirmed his chapter 13 plan, the confirmation served to terminate the automatic stay.

All the facts have been stipulated for purposes of deciding this motion and are so found. If the Court decides in favor of petitioner, further proceedings are required to dispose of certain substantive issues raised by the notice of deficiency and the petition.

Petitioner resided in Bethel Island, California, when he filed the petition in this case. Petitioner did not timely file a Federal income tax return for the 1983 taxable year. Based on information from payors, respondent determined that petitioner received $40,040 in wages, interest, and unemployment compensation in 1983 and was therefore required to file a Federal income tax return for that period.

On June 25, 1986, petitioner filed a voluntary petition for bankruptcy under chapter 13 in the U.S. Bankruptcy Court for the Northern District of California. On July 13, 1986, petitioner filed a "Chapter Thirteen Statement/Debtor's Plan" (chapter 13 plan or the plan) with the bankruptcy court. Respondent filed a proof of claim for income taxes and additions to tax for 1981 and 1982. Respondent did not file a proof of claim for 1983, since the 1983 taxes were nondischargeable. The plan proposed that petitioner have 60 months in which to complete his payments. On August 27, 1986, the bankruptcy court confirmed petitioner's chapter 13 plan.

On October 3, 1986, respondent mailed the notice of deficiency to petitioner for 1983. Petitioner filed his petition with this Court on December 30, 1986.

Section 362(a)(8) of the bankruptcy code provides that the commencement or continuation of all Tax Court proceedings are automatically stayed upon the filing of a petition under Title 11. Section 362(c) of the bankruptcy code provides in pertinent part:

(c) Except as provided in subsections (d), (e), and (f) of this section—
* * *

(2) *the stay of any other act under subsection (a) of this section continues* until the earliest of—
  (A) the time the case is closed;
  (B) the time the case is dismissed; or
  (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12 or 13 of this title, the time a discharge is granted or denied.
  [11 U.S.C. 362(c) (1982). Emphasis added.]

Petitioner claims that the automatic stay terminated when the bankruptcy court confirmed his chapter 13 plan on August 27, 1986. Respondent counters that a discharge under chapter 13 generally occurs after the debtor completes making the payments required by the plan. 11 U.S.C. sec. 1328 (1982). Petitioner does not contend that he had completed payments under the plan when he filed the instant petition. Thus, respondent argues that the tax deficiency for 1983 arose prior to the confirmation of the plan (in 1986), and that the automatic stay provisions were in effect when petitioner filed his petition with the Tax Court.

Petitioner relies on *In re Dickey,* 64 B.R. 3 (Bankr. E.D. Va. 1985) to support his position. The facts of *In re Dickey* are similar but distinguishable from the facts in this case. In that case, the debtor's chapter 13 plan was confirmed by the court in March 1982. The Internal Revenue Service's (IRS) claim for 1979, 1980, and 1981 was provided for by the plan. Thereafter, however, the IRS levied upon the debtor's residence and bank accounts for assessments against him of income taxes for 1982 and 1983. The court concluded that upon confirmation of the debtor's chapter 13 plan, all property revested in the debtor and the estate was terminated. 11 U.S.C. sec. 1327(b) (1982). As a result, the court held the automatic stay had terminated against the collection of the debtor's *post-petition* income tax liabilities for 1982 and 1983.

In this case, petitioner filed his petition with the bankruptcy court in 1986. His chapter 13 plan was confirmed in August 1986. In October 1986, respondent mailed a notice of deficiency to petitioner for the 1983 taxable year. Petitioner's income tax liabilities for 1983 represent prepetition liabilities, not post-petition liabilities. See *United States v. Redmond,* 36 B.R. 932, 934 (D. Kan. 1984) (the

date taxes accrue controls for determining when the tax is incurred). Therefore, *In re Dickey* does not control the outcome of this case. Additionally, *In re Dickey* did not address any issue regarding Tax Court jurisdiction.

Section 362(c) of the bankruptcy code is clear and unambiguous. The automatic stay is in effect until one of the enumerated events takes place. *Thompson v. Commissioner,* 84 T.C. 645 (1985). In this case, petitioner argues that confirmation of the chapter 13 plan is the equivalent of one of the three enumerated events.[1] We disagree.

Section 1327 of the bankruptcy code discusses the effect of confirmation of a chapter 13 plan. Section 1327 provides:

Effect of confirmation

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan. [11 U.S.C section 1327 (1982).]

Nothing in 11 U.S.C. section 1327, or elsewhere in chapter 13 of the bankruptcy code, suggests that confirmation of the chapter 13 plan results in the case being closed or dismissed or a discharge being granted or denied. See also *In re Herbert,* 61 B.R. 44 (Bankr. W.D. La. 1986) (holding that the automatic stay provisions of section 362 remain in full force and effect during chapter 13 proceedings in order to prevent harassment of debtor while he attempts to rehabiliate himself and pay off some outstanding debts.) Therefore, there is no termination of the automatic stay. Moreover, section 1328 of the bankruptcy code provides:

SEC. 1328. Discharge

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this

---

[1]Petitioner also contends that sec. 6213(f)(1) of the Internal Revenue Code suspends the time for filing a petition with the Tax Court only in ch. 11 cases. We disagree. Sec. 6213(f)(1) suspends the time for filing a petition with the Tax Court in *Title* 11 cases. Ch. 13 bankruptcy cases fall within Title 11 of the U.S. Code.

chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

(b) At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

This supports our finding that confirmation of the chapter 13 plan by the bankruptcy court does not serve to close or dismiss the case or grant or deny a discharge.

Since there was no termination of the automatic stay provisions of 11 U.S.C. section 362, this Court lacks jurisdiction over this case and respondent's motion to dismiss will be granted.[2]

*An order will be entered granting respondent's motion.*

---

[2]We note that the Tax Court has concurrent jurisdiction with the bankruptcy court over determinations regarding personal liability of debtors for nondischargeable taxes. On Sept. 28, 1978, and Oct. 6, 1978, the House and Senate, respectively, commented on the determination of tax liability under the Bankruptcy Reform Act of 1978. The comments of the House and Senate were identical and specifically stated that under sec. 505 of the Bankruptcy Act:

Where no proceeding in the Tax Court is pending at the commencement of the bankruptcy case, the tax authority can, under the House amendment, file a claim against the estate for prepetition tax liability and may also file a request that the bankruptcy court hear arguments and decide the merits of an individual debtor's personal liability for the balance of any nondischargeable tax liability not satisfied from the assets of the estate. * * *

If a tax authority decides not to file a claim for taxes which would typically occur where there are few, if any, assets in the estate, normally the tax authority would also not request the bankruptcy court to rule on the debtor's personal liability for a nondischargeable tax. Under the House amendment, the tax authority would then have to follow normal procedures in order to collect a nondischargeable tax. For example, in the case of nondischargeable *Federal income taxes, the Internal Revenue Service would be required to issue a deficiency notice to an individual debtor, and the debtor could then file a petition in the Tax Court—or a refund suit in a district court—as the forum in which to litigate his personal liability for a nondischargeable tax.*

[124 Cong. Rec. H11,110-11,111 (daily ed. Sept. 28, 1978); S17,426-14,428 (daily ed. Oct. 6, 1978).]

Thus, while we are authorized to make the ultimate determination in this case, we are precluded from doing so until such time as the automatic stay is lifted. 11 U.S.C. sec. 362(d).