SHEARN MOODY, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2566-88.     Filed December 26, 1990.

*William A. Back,* for the petitioner.
*Stephen C. Coen,* for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b) of the Internal Revenue Code and Rules 180, 181, and 182, Tax Court Rules of Practice and Procedure, for the purpose of conducting the hearing on petitioner's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts her opinion which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

BUCKLEY, *Special Trial Judge:* This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction. The sole issue is whether the confirmation of a plan of reorganization under chapter 11 of the bankruptcy code, where there was still pending a complaint by a creditor in which the trustee intervened to deny discharge to the petitioner, served to terminate the automatic stay provided

by 11 U.S.C. section 362(a)(8).[1] If the automatic stay remains in effect this Court lacks jurisdiction to hear petitioner's case and petitioner's motion to dismiss for lack of jurisdiction will be granted.

Respondent determined deficiencies in petitioner's Federal excise taxes for self-dealing under the following provisions of the Internal Revenue Code:

|      | Sec. 4941(a) | Sec. 4941(b)(1) | Sec. 4941(b)(2) |
|------|-------------|-----------------|-----------------|
| 1983 | $38,600     | ---             | ---             |
| 1984 | 38,600      | ---             | ---             |
| 1985 | 38,600      | ---             | ---             |
| 1986 | 38,600      | ---             | ---             |
| 1987 | 38,600      | $1,544,012      | $60,000         |

When petitioner filed his petition, he resided in Galveston, Texas.

Shearn Moody, Jr., petitioner herein, filed a voluntary petition under chapter 13 of the bankruptcy code in the U.S. District Court for the Middle District of North Carolina on November 14, 1983. On March 21, 1984, petitioner's bankruptcy matter was converted to a proceeding under chapter 11. During January 1985, venue was transferred to the U.S. District Court for the Southern District of Texas. On March 18, 1986, the trustee intervened in a complaint filed by a creditor to deny discharge. This complaint was still pending at the time of hearing on the instant motion to dismiss.

On January 30, 1987, an order confirming the trustee's second amended plan of reorganization was filed in the U.S. District Court for the Southern District of Texas. On November 10, 1987, respondent issued a notice of deficiency. Petitioner timely filed a petition in this Court on February 8, 1988.

Petitioner moves that his petition be dismissed for lack of jurisdiction on the ground that the automatic stay imposed by 11 U.S.C. section 362(a)(8) remains in effect. Respondent contends that the confirmation of the reorganization plan terminated the stay and this Court has jurisdiction over this matter.

---

[1] Unless otherwise indicated, section references are to title 11 of the United States Code, 1982 edition as amended.

It is clear that we do not have subject matter jurisdiction to determine whether a tax deficiency has been discharged in a bankruptcy proceeding. *Neilson v. Commissioner,* 94 T.C. 1 (1990); *Graham v. Commissioner,* 75 T.C. 389 (1980) (decided under section 17a of the Bankruptcy Act, 11 U.S.C. sec. 35(a)); *Terrell v. Commissioner,* T.C. Memo. 1990-123. We do, however, have the jurisdiction to determine whether we lack jurisdiction because of the continuance of an automatic stay. *Neilson v. Commissioner, supra.* We hold herein that we have jurisdiction to redetermine deficiencies in this matter, the stay provisions of the bankruptcy code no longer being in effect at the time the petition herein was filed.

The filing of a petition in bankruptcy results in an automatic stay of proceedings in this Court. Section 362(a)(8) of the bankruptcy code prohibits the commencement or continuation of a proceeding by a petitioner in bankruptcy before the Tax Court during the pendency of the stay. Respondent argues that when the trustee's plan of reorganization was confirmed by the District Court, the confirmation served to terminate the automatic stay.

Section 362(c)(2) of the bankruptcy code provides that the automatic stay continues until the earliest of—

(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

Respondent's position is that confirmation of a chapter 11 plan grants a discharge or a denial of a discharge to the debtor, and that the automatic stay provisions no longer are in effect. We agree with respondent.

The order of confirmation of the reorganization plan contains no language specifically granting or denying petitioner a discharge. The District Court ordered, in relevant part:

2. Inasmuch as the Plan contemplates continued administration of the estate of the above named Debtor, including the administration of post-petition causes of action for avoidance and/or damages against the Debtor, such causes of action, whether the same are now on file or may

be filed in the future, shall not be deemed to be discharged by the entry of this Order Confirming Plan of Reorganization.

The order of confirmation was filed on January 30, 1987, prior to the mailing of the notice of deficiency and the filing of the petition in this Court.

Generally, when a taxpayer files a petition in bankruptcy, 11 U.S.C. section 362 provides for an automatic stay which suspends creditor's claims against a taxpayer. Section 362(b)(9) provides that the stay does not apply "under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency." Therefore, respondent may issue a notice of deficiency during bankruptcy proceedings. *Galanis v. Commissioner*, 92 T.C. 34 (1989). Although respondent may issue a notice of deficiency, the automatic stay prohibits a taxpayer from filing a petition in this Court during the imposition of the stay. *McClamma v. Commissioner*, 76 T.C. 754, 757 (1981); see also *Olson v. Commissioner*, 86 T.C. 1314 (1986). This stay remains in effect until the bankruptcy court terminates it pursuant to a taxpayer's request, 11 U.S.C. sec. 362(d), or until the earliest of the time that the case is closed, dismissed, or discharge has been granted or denied. 11 U.S.C. sec. 362(c)(2).

Neither petitioner nor respondent argued that the bankruptcy case was closed or dismissed. Thus, we consider only whether there has been the grant or denial of a discharge. If the grant or denial of a discharge occurred prior to the date that the petition herein was filed, then the automatic stay terminated and we have jurisdiction to hear this case. This depends upon the effect of the confirmation order. 11 U.S.C. section 1141 provides in relevant part:

Section 1141. Effect of confirmation.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

\*     \*     \*     \*     \*     \*     \*

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan; and

(B) terminates all rights and interests of equity security holders and general partners provided for by the plan.

(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

(3) The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

Confirmation of a plan under chapter 11 effectively discharges or denies discharge to a debtor under the provisions of 11 U.S.C. section 1141(b) and (d). Generally, "the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. sec. 1141(b). Here, however, the plan provides for continued administration of the estate. While 11 U.S.C. section 1141(d) discharges a debtor from any debts that arose before the date of confirmation, the provisions of the confirmed plan contemplate "post-petition causes of action for avoidance and/or damages against the Debtor" which are not deemed discharged. As to such potential causes of action, the District Court has denied discharge. Accordingly, the provision of 11 U.S.C. section 362(c)(2)(C) comes into effect because the grant or denial of discharge serves to terminate the automatic stay. Confirmation of a chapter 11 plan therefore may often have the dual effect of revesting a debtor with title to his or her property and discharging all dischargeable pre-petition debts. The fact that the confirmation order contemplates continued administration of the debtor's estate because of post-petition causes of action does not militate against the discharge of pre-petition debts, and it is the discharge or denial of discharge of the latter that causes the stay to be terminated under section 362(c)(2)(C). Since confirmation represents the grant or denial of a discharge, the automatic stay no longer continues. 11 U.S.C. sec. 362(c)(2)(C). *In re Draggoo Elec. Co.*, 57 Bankr. 916, 919 (Bankr. N.D. Ind. 1986).

After confirmation, a plan or an order confirming a plan controls a debtor's course of action. Under a plan or an order confirming a plan, a bankruptcy court may retain jurisdiction. Retention of jurisdiction does not serve to continue or reimpose the automatic stay. *In re Nardulli & Sons Co.,* 66 Bankr. 871, 876 (Bankr. W.D. Pa. 1986), revd. on another issue 836 F.2d 184 (3d Cir. 1988). If necessary, a bankruptcy court may reimpose the automatic stay under section 105. *In re Herron,* 60 Bankr. 82 (Bankr. W.D. La. 1986). That action, however, has not occurred in this matter.

We recently held in *Wahlstrom v. Commissioner,* 92 T.C. 703 (1989), on appeal (9th Cir., June 29, 1989), that confirmation of a chapter 13 plan does not result in discharge, and accordingly, the automatic stay remained in effect. The petitioner in *Wahlstrom v. Commissioner, supra,* argued that when the bankruptcy court confirmed his chapter 13 plan, the automatic stay terminated because confirmation of the chapter 13 plan was the equivalent of one of the three enumerated events under 11 U.S.C. section 362(c)(2). Respondent countered that a discharge under chapter 13 generally occurs only after the debtor completes making the payments required by the plan. We examined 11 U.S.C. section 1327, which discusses the effect of confirmation of a chapter 13 plan, and we noted that "Nothing in 11 U.S.C. section 1327, or elsewhere in chapter 13 of the bankruptcy code, suggests that confirmation of the chapter 13 plan results in the case being closed, or dismissed or a discharge being granted or denied." *Wahlstrom v. Commissioner, supra* at 706. Further, we noted that 11 U.S.C. section 1328 specifically provides that a discharge is granted after the debtor completes all payments under the chapter 13 plan. Thus, in *Wahlstrom v. Commissioner, supra,* we agreed with respondent that confirmation of a chapter 13 plan does not result in either discharge or denial, so the automatic stay remained in effect. The statutory provisions in regard to a chapter 11 plan, however, are different.

Unlike 11 U.S.C. section 1327, which applied in *Wahlstrom v. Commissioner, supra,* 11 U.S.C. section 1141 applies here and describes the effect of confirmation of a

chapter 11 plan. Section 1141(d)(1) provides that confirmation of a plan discharges or denies discharge to the debtor. Further, a proceeding under chapter 11 is not controlled by any bankruptcy code section equivalent to 11 U.S.C. section 1328, which delays discharge under chapter 13 until all payments have been made. Thus, our holding in *Wahlstrom v. Commissioner, supra*, is based upon different statutory provisions.

An exception to the discharge provision of section 1141(d)(1) applies where a debtor meets the three-part test delineated in 11 U.S.C section 1141(d)(3). There is no discharge if: (A) The plan provides for the liquidation of all or substantially all of the property of the estate, (B) the debtor does not engage in business after consummation of the plan, and (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title. 11 U.S.C sec. 1141(d)(3). If the requirements of section 1141(d)(3) have been met, then discharge has been denied. *Teamsters Pension Trust Fund v. Malone Realty Co.*, 82 Bankr. 346, 349 (Bankr. E.D. Pa. 1988). Consequently, since meeting the requirements of section 1141(d)(3) constitutes a denial of discharge, then the automatic stay is terminated pursuant to 11 U.S.C. section 362(c)(2)(C).

In his petition and motion to dismiss, at the hearing on the motion, and in brief filed after the hearing, petitioner presented a variety of arguments in support of his contention that this Court does not have jurisdiction because the automatic stay remains in effect. We disagree.

As a preliminary matter, we note that petitioner alleged in his petition that the issuance of the notice of deficiency is barred by a restraining order issued pursuant to 11 U.S.C. section 105. This allegation is wrong. See 11 U.S.C. sec. 362(b)(9). In his motion to dismiss, petitioner alleges that respondent has not obtained release or relief from this same restraining order which bars collection activities during the pendency of petitioner's bankruptcy proceedings. This allegation misses the point. There is no evidence that respondent has begun collection proceedings based upon an assessment and notice and demand prior to collection.

At the hearing on the motion, petitioner argued, citing *In re Fortner Oilfield Services, Inc.,* 49 Bankr. 9 (Bankr. N.D. Tex. 1984), that the property of the bankruptcy estate remains in the estate. Thus the automatic stay remains in effect. Petitioner bases this argument on an alleged affidavit filed by the bankruptcy trustee from which petitioner quoted: "My confirmed plan of reorganization contemplates liquidation of the debtor's nonexempt assets." First, this affidavit is not a part of the record. Second, petitioner's reliance on *In re Fortner Oilfield Services, Inc., supra,* is misplaced. That case stands for the proposition that confirmation of a chapter 11 plan terminates the automatic stay.

Petitioner goes on to argue that since the order confirming petitioner's second amended plan provides for the continued administration of his estate by the trustee, he falls within an exception under 11 U.S.C. section 1141(b), and consequently the automatic stay remains in effect. Section 1141(b) provides that "except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." The order confirming petitioner's second amended plan did not specifically provide that the automatic stay remain in effect. Petitioner did not offer the second amended plan into evidence. After the automatic stay terminates pursuant to confirmation of a chapter 11 plan, mere retention of jurisdiction by the bankruptcy court does not reimpose the automatic stay. *In re Nardulli & Sons, Co., supra* at 876. Similarly, the continued administration of his estate by the trustee does not reimpose the automatic stay, especially where the order confirming petitioner's second amended plan does not so state.

Next, petitioner points to a pending adversary proceeding, the trustee's motion to intervene in an action filed by a creditor prior to confirmation of the plan, as proof that no discharge has occurred. At trial petitioner argued:

The trustee and the principal creditor continue to take the position that there has been no discharge. They don't say it in those words, but they are asking the court not to discharge this bankruptcy. If the trustee and the principal creditor are still taking the position that the court should not discharge the case, then obviously the case hasn't been discharged. If the case hasn't been discharged, the obvious conclusion is the stay, the

automatic stay under section 362 of the bankruptcy act does remain in effect.

After confirmation of a chapter 11 plan, the existence of a pending adversary proceeding does not serve to continue the stay. Petitioner does not cite any applicable statutory provisions under the bankruptcy code nor any case law holding that a pending adversary proceeding filed prior to confirmation of a chapter 11 plan causes the automatic stay to remain in effect. A pending adversary proceeding does not serve to maintain the stay.

Last, petitioner contends that confirmation of his second amended plan did not lift the automatic stay because he falls within 11 U.S.C section 1141(d)(3). Petitioner argues that if the requirements of 11 U.S.C. section 1141(d)(3) are met, then an absence of discharge exists, not a grant or denial of discharge. Petitioner is wrong. If the requirements of 11 U.S.C. section 1141(d)(3) are met, then a *denial* of discharge occurs within the meaning of 11 U.S.C. section 362(c)(2)(C). *Teamsters Pension Trust Fund v. Malone Realty Co., supra* at 349.

We hold that confirmation of petitioner's second amended chapter 11 plan served either to discharge or deny discharge to petitioner and accordingly, the automatic stay is terminated. Thus, we have jurisdiction to hear this case. Petitioner's motion to dismiss will be denied.

We note that in his brief filed after trial, petitioner refers to the suspension of the statute of limitations period under section 6213, Internal Revenue Code. This provision is not applicable because under our holding petitioner has timely filed his petition.

*An appropriate order will be issued.*