PETER G. ZAMARELLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zamarello v. Commissioner
Docket No. 7749-90
United States Tax Court
T.C. Memo 1991-494; 1991 Tax Ct. Memo LEXIS 543; 62 T.C.M. (CCH) 913; T.C.M. (RIA) 91494; October 1, 1991, Filed *543 R issued a statutory notice of deficiency to P while P was in chapter 11 bankruptcy. After P filed his petition with the Court, R moved to dismiss for lack of jurisdiction. R argues that the automatic stay imposed by 11 U.S.C. sec. 362(a)(8) was lifted at the time the bankruptcy court entered an order confirming P's plan of reorganization and that P did not file his petition within the time prescribed by I.R.C. sec. 6213(f). P argues that the "effective date" of the plan of reorganization was the date the automatic stay was lifted. Held, the automatic stay was lifted the date the order confirming the plan of reorganization was entered. Held further, the petition was not timely filed. James K. Wilkens, for the petitioner. Robert P. Crowther, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM OPINION This case is before the Court on petitioner's motion pursuant to Rule 123(c) to vacate the Court's Order dismissing the case for lack of jurisdiction. (Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the year at issue.) The sole issue for *544 decision is whether the automatic stay of 11 U.S.C. section 362(a) was lifted on the date the bankruptcy court issued its order confirming petitioner's chapter 11 reorganization plan or on the "effective date" of the plan of reorganization. Background
On May 7, 1987, respondent issued a statutory notice of deficiency to petitioner for the taxable year 1982. At the time the notice of deficiency was issued, petitioner was in chapter 11 bankruptcy. On November 17, 1989, the bankruptcy court entered an order confirming the debtor's third amended joint plan of reorganization. On April 23, 1990, petitioner filed a petition with this Court. On June 14, 1990, respondent filed a motion to dismiss for lack of jurisdiction, wherein he argued that the petition in this case was filed outside the time allowed under section 6213(a). On July 26, 1990, having received no objection from petitioner, the Court granted respondent's motion to dismiss. On August 6, 1990, petitioner filed a motion to vacate the Court's order of dismissal pursuant to Rule 123(c), wherein petitioner asserted that he had not objected to respondent's motion to dismiss because he did not receive notification from *545 the Court that he should object. On September 10, 1990, pursuant to an Order of this Court, petitioner filed a supplement to his motion to vacate. Petitioner argues that his petition was timely filed because the automatic stay was not lifted when the plan of reorganization was confirmed; rather, the stay was lifted when the plan became effective. The plan of reorganization in petitioner's bankruptcy case has an "effective date" of December 1, 1989. As indicated, the issue before the Court is whether the automatic stay of 11 U.S.C. section 362(a) was lifted on the date of the order confirming the plan of reorganization or on the "effective date" of the plan of reorganization. If December 1, 1989, is the date on which the stay was lifted, petitioner's Tax Court petition would be timely. However, if the stay was lifted at the time the bankruptcy court issued its order confirming the plan, the petition was not timely filed, and we lack jurisdiction. Discussion
The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985), and case cited therein. In order *546 for this Court to have jurisdiction, respondent must have issued a valid notice of deficiency, and the taxpayer must have filed a valid petition with this Court. Secs. 6212 and 6213. A taxpayer has 90 days from the issuance of the notice of deficiency to file a petition in this Court. Sec. 6213(a). The general rule of section 6213(a) is modified by section 6213(f)(1) which provides: In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.
When the statutory notice of deficiency was issued in the present case, petitioner was in bankruptcy and thus was prevented from filing a petition in this Court until the automatic stay of 11 U.S.C. section 362(a) was lifted. 11 U.S.C. sec. 362(a)(8). Once the stay is lifted, section 6213(f) requires in the instant situation that the Tax Court petition be filed within 150 days of the lifting of the automatic stay (90 days *547 under section 6213(a), plus 60 days under section 6213(b)). The automatic stay is lifted upon the earliest of three occurrences: (1) The time the case is closed; (2) the time a case is dismissed; or (3) the time a discharge is granted or denied. 11 U.S.C. sec. 362(c)(2). In order to grant petitioner's motion to vacate, the Court must find that petitioner's bankruptcy case was not closed, dismissed, or discharged until the effective date of the plan of reorganization. In considering a case similar to the instant case, we held in Moody v. Commissioner, 95 T.C. 655 (1990), that when a chapter 11 plan of reorganization is confirmed, the case has been discharged, and the automatic stay is lifted. Petitioner urges the Court to hold that the bankruptcy court's order confirming the plan did not discharge his bankruptcy case. Instead, petitioner asks the Court to find that the stay was lifted pursuant to the "effective date" of the plan of reorganization. The plan of reorganization states in its definitions' section that the "effective date" means December 1, 1989. In support of his position, petitioner argues that the order confirming the plan does nothing more than make the terms *548 of the plan effective, and thus it is the plan and not the order which lifts the stay. However, petitioner cites no authority for this argument, and the applicable portions of the bankruptcy code are expressly contrary. 11 U.S.C. section 1141(d) provides in pertinent part: (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan - (A) discharges the debtor from any debt that arose before the date of such confirmation * * * [Emphasis added.]
Thus, unless the plan or the order confirming the plan provides otherwise, 11 U.S.C. section 1141(d)(1) and Moody require us to find that petitioner's bankruptcy case was discharged when the order confirming the plan of reorganization was entered. The order confirming the plan does not "provide otherwise." In fact, it states at page 10 that "Peter G. Zamarello [petitioner] is released from all dischargeable debts." The plan of reorganization also provides that petitioner was discharged upon confirmation of the plan. Article VII of the plan states that "entry of the Confirmation Order acts as a discharge of any and all debts of each of the Debtors *549 that arose at any time before entry of the Confirmation Order * * *." Petitioner directs us to a different provision of the plan, Article X, which states: "On the Effective Date * * * the Debtors shall waive any further protection under Section 362 of the Bankruptcy Code as it may apply to the claims of any Class B or Class D creditor." Petitioner argues that Article X of the plan dictates when the stay is lifted. We disagree. The bankruptcy code provides a bright-line rule as to when the automatic stay is lifted. 11 U.S.C. section 362(c)(2)(C) states that the automatic stay continues until a discharge in the case is granted or denied. 11 U.S.C. section 1141(d) states that unless otherwise provided in the plan or the order confirming the plan, the confirmation of a plan acts as a discharge. Article X of the plan does not contradict this rule, and thus the plan does not "provide otherwise." The language of Article X is insufficient to support petitioner's position that his debts were not discharged when the order confirming the plan was entered. Therefore, because the order confirming the plan and the plan of reorganization do not expressly contradict the general rule of 11 *550 U.S.C. section 1141(d)(1), the automatic stay of 11 U.S.C. section 362 was lifted when the order of confirmation was entered. Next, petitioner argues that even if the Court determines that the order of confirmation is the operative document for determining the date the stay was lifted, the IRS filed a motion for new trial requesting the bankruptcy court to set aside the order of confirmation. This, according to petitioner, prevented the confirmation order from becoming final until the motion was withdrawn on November 30, 1989, and the Tax Court petition is therefore timely. In support of this argument, petitioner cites Bankruptcy Rules 8002(b) and 9023. Bankruptcy Rule 8002(b) provides an extension of time for appeal if certain motions are filed with the bankruptcy court, and Bankruptcy Rule 9023 incorporates Rule 59, Fed. R. Civ. P., into the bankruptcy rules. Rule 59, Fed. R. Civ. P., contains the rules for granting a new trial. These rules do not support petitioner's position. Accordingly, we hold that the order confirming petitioner's chapter 11 plan of reorganization granted petitioner a discharge, and the automatic stay of 11 U.S.C. section 362(a) was lifted when the order *551 confirming the plan was entered. Therefore, the petition in this case was not filed within the time allowed under section 6213(f). Petitioner's motion to vacate our order of dismissal for lack of jurisdiction will therefore be denied. An appropriate order will be issued.