BEVERLY FORSYTH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forsyth v. Commissioner
Docket No. 11145-90
United States Tax Court
T.C. Memo 1992-646; 1992 Tax Ct. Memo LEXIS 675; 64 T.C.M. (CCH) 1247; T.C.M. (RIA) 92646; November 4, 1992, Filed Decision will be entered for respondent. For Beverly Forsyth, pro se. For Respondent: Andrew J. Horning. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in and additions to petitioner's Federal income tax for tax years 1986 and 1987 as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 2,881
$ 460.50
$ 144.05
[1]
1987
$ 3,701
$ 900.25
$ 185.05
[1]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. *676 Petitioner resided in Tucson, Arizona, when she filed her petition. The issues for decision are: (1) Whether petitioner is liable for deficiencies in tax as determined by respondent; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failure to file returns; (3) whether petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B) for negligence; and (4) whether this Court has jurisdiction to decide whether petitioner's debts for 1986 and 1987 taxes have been discharged in bankruptcy. During the years in question, petitioner worked as a legal assistant for a law firm in White Plains, New York, and lived in Beacon, New York. On March 29, 1988, petitioner filed a petition in bankruptcy with the bankruptcy court in Poughkeepsie, New York, using the Beacon, New York, address. On July 11, 1988, petitioner received a discharge in bankruptcy. Sometime in the spring of 1988, petitioner moved to Armonk, New York. In November 1989, petitioner moved to Tucson, Arizona. A search of the data bank at respondent's National Computer Center in Martinsburg, West Virginia, produced no evidence of petitioner's tax returns for 1986 *677 or 1987, but did show a record of the granting of an extension of time to file the 1987 return until August 15, 1988, as well as the mailing of four delinquency inquiries concerning petitioner's 1986 return. Petitioner testified that she did not receive these inquiries. Petitioner introduced into evidence unsigned copies of her 1986 and 1987 tax returns. The 1987 return was dated 5/24/88 by the tax return preparer. The 1986 return was not dated by the return preparer. Both these returns bear the address: P.O. Box 401, Armonk, New York, 10504. Petitioner admits to filing a delinquent return for 1986, saying that both the 1986 and 1987 returns were filed together in August 1988. On February 28, 1990, deficiency notices for 1986 and 1987 were mailed by respondent to petitioner at her Armonk, New York, address. These notices were forwarded to petitioner in Tucson, Arizona. [1] Previously, notices had been sent to petitioner at a Rye Brook, New York, address. *678 In the absence of tax returns, respondent prepared substitute returns for petitioner, allowing the standard deduction. Respondent calculated petitioner's income on the basis of her interest income, in the amounts of $ 33 in 1986 and $ 35 in 1987, and on the basis of her salary. Petitioner failed to report the interest payments on her returns. Petitioner claimed substantial itemized deductions on her returns, but had documentation for only two expenditures totaling less than her allowable standard deduction. It was on this basis that respondent determined the deficiencies in tax. Respondent's Deficiency Determination
The determination of respondent is presumed to be correct, and petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Taxpayers are required to maintain permanent books of account or records sufficient to establish the amount of gross income, deductions, credits, and other matters required to be shown in their tax returns. Sec. 1.6001-1(a), Income Tax Regs. Petitioner was unable to produce such records and has consequently failed to carry her *679 burden of proof on this issue. We uphold respondent's determination as to the deficiencies in petitioner's income for tax years 1986 and 1987. Addition to Tax for Failure to File
Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072. Section 6081(a) permits the Commissioner to grant a reasonable extension of time within which to file a return. The first extension of 4 months is automatic upon the timely filing of a Form 4868. Sec. 1.6081-4, Income Tax Regs.
Petitioner applied for the automatic extension for 1987 and testified that she filed both her 1986 and 1987 returns together. Respondent has no record of the filing of either return. Petitioner has no proof of *680 filing of her returns and no specific recollections of the circumstances of mailing them. The fact that respondent mailed the notices of deficiency to petitioner's Armonk, New York, address is insufficient in itself to establish that respondent received the 1986 and 1987 returns, as petitioner would presumably also have used this address on her 1988 tax return. We find that petitioner has not carried her burden of proof in establishing that the 1986 and 1987 returns were mailed. [2]
*681 We therefore hold that petitioner failed to file her Federal income tax returns for tax years 1986 and 1987. Additions to Tax for Negligence
Respondent also determined that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find under the circumstances of this case that petitioner was negligent. Delinquent filing of a return, involving disregard of a known legal duty, constitutes negligence. Emmons v. Commissioner, 92 T.C. 342, 350 (1989), affd. 898 F.2d 50 (5th Cir. 1990); Burglass v. Commissioner, T.C. Memo. 1979-246. Failure to maintain books and records *682 is also negligence within the meaning of section 6653. We hold that petitioner is liable for the additions to tax for negligence for tax years 1986 and 1987. Discharge in Bankruptcy
This Court is a court of limited jurisdiction; we lack jurisdiction to determine whether a tax deficiency has been discharged in a bankruptcy proceeding. Moody v. Commissioner, 95 T.C. 655 (1990); Neilson v. Commissioner, 94 T.C. 1 (1990); Terrell v. Commissioner, T.C. Memo. 1990-323. Decision will be entered for respondent. Footnotes
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
1. Petitioner argues on brief that the notices of deficiency were not sent to her last known address. The record does not contain sufficient information for us to conclude which was petitioner's last known address. A notice is sufficient if the taxpayer, as in this case, actually received the notice and filed a timely petition. Miller v. Commissioner, 94 T.C. 316 (1990); Lifter v. Commissioner, 59 T.C. 818 (1973); Clodfelter v. Commissioner, 57 T.C. 102 (1971), affd. 527 F.2d 754↩ (9th Cir. 1975).
2. Petitioner cites Mueller v. Commissioner, T.C. Memo. 1955-120, revd. on another issue 236 F.2d 537↩ (5th Cir. 1956), in which we accepted a copy of an unsigned return and taxpayer's "unequivocal" testimony that she filed a return as convincing evidence that a return was filed. In that case this Court found that respondent's records were confused, conflicting, and unreliable, a circumstance absent in this case. We also note that for tax year 1986 petitioner would be liable for the addition to tax for delinquent filing even if we were to have found she filed her returns in 1988, as the 1986 return would have been delinquent by over a year.