MICHAEL R. REAGOSO AND CAROL L. REAGOSO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reagoso v. Commissioner
Docket No. 24902-91
United States Tax Court
T.C. Memo 1993-450; 1993 Tax Ct. Memo LEXIS 461; 66 T.C.M. (CCH) 850; September 28, 1993, Filed *461 An appropriate order will be entered granting respondent's motion to dismiss. Michael R. Reagoso and Carol L. Reagoso, pro se. For respondent: Joseph M. Abele and Michael P. Corrado. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Addition to Tax
Year
Deficiencies
Sec. 6661 [1] 1983
$ 6,869
$ 34,476
1984
2,075
--
This case is currently before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent claims that the Court lacks jurisdiction in this case because the automatic stay provisions of section 362(a)(8) of the United States Bankruptcy Code preclude the commencement or continuation of this suit in the Tax Court. Petitioners request that this Court defer action on this motion until the bankruptcy court has ruled on their request for a determination of the amount of their 1983 and 1984 income taxes or, in *462 the alternative, grants a retroactive lifting of the bankruptcy stay to validate their petition to this Court. Background On May 21, 1991, Michael R. Reagoso and Carol L. Reagoso (petitioners) filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of Pennsylvania for relief under chapter 7 of the Bankruptcy Code. As a result, the automatic stay provision under 11 U.S.C. section 362(a) was activated. On May 24, 1991, the bankruptcy court issued a notice setting the initial meeting of the creditors. On July 29, 1991, respondent issued a statutory notice of deficiency to petitioners determining deficiencies in and additions to petitioners' Federal taxes for taxable years 1983 and 1984. On October 30, 1991, petitioners filed a petition for redetermination with this Court. The bankruptcy court entered an order of discharge in petitioners' bankruptcy proceeding on August 6, 1992. On July 15, 1993, respondent filed a motion to dismiss for lack of jurisdiction alleging that the petition was filed in violation of the automatic stay provision imposed by 11 U.S.C. section 362(a)(8). *463 In response, petitioners filed an opposition to respondent's motion on August 16, 1993. Petitioners contend that they were unaware that the bankruptcy stay invalidated their petition to this Court. In addition, petitioners claim they were unaware that the running of the 90-day period for filing a petition to this Court was suspended under section 6213(f) during the period of the bankruptcy stay and for 60 days thereafter. Furthermore, petitioners note that respondent had notice of their bankruptcy proceeding at the time she filed her answer and during discovery and settlement negotiations. Respondent, they claim, never raised the issue of jurisdiction until she filed the motion to dismiss. If respondent had raised the jurisdictional issue earlier, petitioners contend they could have cured the problem by filing a new petition with this Court. Instead, they feel that respondent's silence has unfairly deprived them of their right to be heard. Discussion The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985) (citing Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943)). *464 "We have jurisdiction to determine jurisdiction and 'whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided.'" Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 146 (1988) (quoting Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960)). We also have authority to resolve all questions relating to issues of our jurisdiction. Weiss v. Commissioner, 88 T.C. 1036 (1987). Section 362(a)(8) of the Bankruptcy Code provides that the commencement or continuation of all Tax Court proceedings is automatically stayed upon the filing of a petition under Title 11. This provision essentially prohibits a debtor-taxpayer from filing a petition in this Court during the imposition of the stay. For an individual taxpayer, the automatic stay remains in effect until the earliest of one of three occurrences enumerated in section 362(c)(2) of the Bankruptcy Code: (2) the stay of any other act under subsection (a) of this section continues until the earliest of -- (A) the time the case is closed; *465 (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.
11 U.S.C. 362(c)(2) (1992). In the present case, the automatic stay provisions of the Bankruptcy Code precluded petitioners from commencing a proceeding before the Tax Court until after August 6, 1992, the date the bankruptcy court granted a final discharge in bankruptcy. The improper petition filed on October 31, 1991, therefore, was filed in violation of the automatic stay provision at a time when this Court could not acquire jurisdiction over petitioners. Accordingly, this case must be dismissed. McClamma v. Commissioner, 76 T.C. 754 (1981); see also Halpern v. Commissioner, 96 T.C. 895 (1991); Wahlstrom v. Commissioner, 92 T.C. 703 (1989). In order to invoke this Court's jurisdiction to contest their Federal income tax liabilities for 1983 and 1984, petitioners should have filed a new petition. Section 6213(f) provides *466 that the running of the time for filing a petition in this Court shall be suspended for a period during which the debtor is prohibited from filing a petition in this Court (90 days under section 6213(a)) and for 60 days thereafter. Therefore, petitioners had 150 days after the automatic stay was lifted upon discharge in which to file a new petition with this Court (until January 7, 1993). Because no new petition was filed, we have no jurisdiction over the asserted deficiencies. Petitioners assert that they were unaware that the bankruptcy stay barred their petition to this Court and argue that respondent should have raised the issue of jurisdiction in time for them to cure the defective petition. We do not understand why respondent waited so long to file the motion to dismiss, and we sympathize with petitioners' predicament. However, we are constrained by firmly established law: without a valid petition, we do not have jurisdiction, regardless of any unfortunate circumstances. Additionally, petitioners claim that in a similar case, Thompson v. Commissioner, 84 T.C. 645 (1985), when the taxpayer's bankruptcy raised questions regarding this Court's *467 jurisdiction, we held a pending order to the taxpayer to amend the petition in abeyance while the impact of his bankruptcy was clarified. Petitioners contend that we should grant a similar deferral of action on respondent's motion until the bankruptcy court rules on their requests. However, in Thompson, the discharge was still pending in bankruptcy court and the statute of limitations (150 days) had not run, unlike the case at hand. More importantly, we held in Thompson that jurisdiction could not be acquired and, consequently, the case had to be dismissed because the taxpayers had filed their original petition in violation of the automatic stay provision. Therefore, Thompson more clearly supports our conclusion rather than petitioners'. Regardless of the bankruptcy court's decision on whether to grant a retroactive lifting of the automatic stay, we ultimately have jurisdiction to decide our jurisdiction. Normac Inc. & Normac International v. Commissioner, supra. Since a valid petition is a prerequisite to our jurisdiction, we are precluded from making a determination as to the deficiencies in issue and must grant respondent's *468 motion to dismiss for lack of jurisdiction. To reflect the foregoing, An appropriate order will be entered granting respondent's motion to dismiss.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩