# United States Tax Court

159 T.C. No. 4

DANIEL COCHRAN AND KELLEY COCHRAN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 21002-16.                        Filed October 12, 2022.

————————

Ps filed a Petition with this Court challenging a notice of deficiency issued by R. Thereafter, Ps filed a bankruptcy petition under 11 U.S.C. ch. 11, which triggered an automatic stay of proceedings in this Court under 11 U.S.C. § 362(a)(8) (automatic stay). Following the bankruptcy court's confirmation of petitioners' chapter 11 bankruptcy plan, Ps filed a Motion to Lift the Stay of Proceeding in this Court. Ps contend that the confirmation of the bankruptcy plan lifted the automatic stay notwithstanding that Ps have not completed all payments pursuant to that plan and that Ps' bankruptcy case has not been closed or dismissed.

Ps rely on *Moody v. Commissioner*, 95 T.C. 655 (1990), in which we held that 11 U.S.C. § 1141(d) acts to effectively discharge or deny discharge to a taxpayer-debtor following confirmation of a taxpayer's chapter 11 bankruptcy plan for purposes of 11 U.S.C. § 362(c), thereby terminating an automatic stay with this Court. After our decision in *Moody*, Congress enacted 11 U.S.C. § 1141(d)(5), which provides in relevant part for individual debtors that confirmation of a bankruptcy plan does not discharge any debt provided for in the plan until (i) the bankruptcy court grants a discharge on completion of all

payments under the plan or (ii) a bankruptcy court grants a discharge before that time after notice and a hearing.

*Held*: The enactment of 11 U.S.C. § 1141(d)(5) created a limitation to our holding in *Moody* with respect to the effect under 11 U.S.C. § 362(c) of a confirmation of a debtor's chapter 11 bankruptcy plan.

*Held, further*, on these facts the automatic stay continues pending satisfaction of 11 U.S.C. § 362, including through 11 U.S.C. § 1141(d)(5).

—————

*Travis W. Thompson*, for petitioners.

*Caitlin A. Homewood* and *Brian A. Pfeifer*, for respondent.

OPINION

GREAVES, *Judge*: Petitioners filed a chapter 11 bankruptcy petition with the U.S. Bankruptcy Court for the Northern District of California in 2017. Thereafter, petitioners' pending case in this Court was automatically stayed pursuant to 11 U.S.C. § 362(a)(8).[1] Although petitioners' proceeding with the bankruptcy court is still pending, they have filed a Motion to Lift the Stay of Proceedings (Motion), wherein they argue that the bankruptcy court's confirmation of their bankruptcy plan acted to terminate the automatic stay. For the reasons set forth below we will deny petitioners' motion.

*Background*

The following facts are not disputed and are based on the parties' pleadings and Motion papers and petitioners' status report dated

—————

[1] Petitioners have another case pending before this Court, docket No. 23509-16S, for a different tax year that is also under an automatic stay. Because the two cases are not consolidated but involve similar facts and the same question concerning the lifting of an automatic stay, an appropriate order will be issued separately for the other case.

October 22, 2021. Petitioners resided in California when they filed the Petition.

Respondent issued petitioners a notice of deficiency for tax year 2011 on July 7, 2016. Shortly thereafter petitioners timely filed the Petition with this Court challenging respondent's determinations in the notice.

Petitioners filed a chapter 11 bankruptcy petition with the bankruptcy court on February 15, 2017. On April 7, 2017, petitioners filed with this Court a Notice of Proceeding in Bankruptcy. The proceedings in this Court with respect to petitioners' case were subsequently automatically stayed pursuant to 11 U.S.C. § 362(a)(8).[2]

On July 22, 2019, the bankruptcy court issued an order confirming petitioners' chapter 11 plan.[3] As of the filing of this Opinion, petitioners have not completed all payments pursuant to that plan, and petitioners' bankruptcy case has not been closed or dismissed.

## *Discussion*

A bankruptcy filing generally triggers an automatic stay of Tax Court proceedings concerning the debtor-taxpayer. *Kovitch v. Commissioner*, 128 T.C. 108, 111 (2007). Title 11 U.S.C. § 362(a)(8) specifically stays Tax Court proceedings "concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief" under title 11 of the United States Code. This automatic stay is generally lifted at "the earliest of" the closing of the bankruptcy case, the dismissal of the bankruptcy case, or the granting or denial of a discharge to the debtor.[4] 11 U.S.C. § 362(c)(2); *Guerra v. Commissioner*, 110 T.C. 271, 275 (1998). Neither party argues that petitioners' bankruptcy case has been closed or dismissed. Therefore,

---

[2] This Court issued an order recognizing the automatic stay on May 9, 2017.

[3] The confirmed plan provided for the full payment of certain tax claims, including disputed tax claims, to the Internal Revenue Service but did not specify whether such claims included the amounts at issue in this case (or docket No. 23509-16S).

[4] One exception to this general rule is 11 U.S.C. § 362(d), which mandates that, upon the request of "a party in interest" and after notice and a hearing, a bankruptcy court "shall" grant relief from an automatic stay if certain conditions are present. An examination of the record, however, reveals no evidence that petitioners sought this potential exception with the bankruptcy court. *See* 11 U.S.C. § 1109(b) (identifying the debtor as a "party in interest" in a chapter 11 bankruptcy proceeding).

the present dispute centers on whether the bankruptcy court's confirmation of petitioners' chapter 11 bankruptcy plan acted to grant a discharge, or as a denial of a discharge, to petitioners for purposes of terminating the automatic stay with this Court under 11 U.S.C. § 362(c)(2)(C).

This Court has jurisdiction to determine whether we lack jurisdiction because of the continuance of an automatic stay under 11 U.S.C. § 362(a)(8).[5] *Moody v. Commissioner*, 95 T.C. 655, 658 (1990). In *Moody* we held that a bankruptcy court's confirmation of the taxpayer's chapter 11 bankruptcy plan served to effectively discharge or deny discharge to the taxpayer-debtor for purposes of 11 U.S.C. § 362(c)(2)(C), thereby terminating the automatic stay that was in place with this Court under 11 U.S.C. § 362(a). *Moody*, 95 T.C. at 664. In reaching this holding, we relied upon 11 U.S.C. § 1141(d)(1), which provides that a bankruptcy court order confirming a debtor's chapter 11 bankruptcy plan generally acts to discharge the debtor from any debt that arose before the date of the confirmation. *See Moody*, 95 T.C. at 659–62. The version of 11 U.S.C. § 1141(d) applied in *Moody* was subsequently amended in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 321(d), 119 Stat. 23, 95–96, and in 2010 as part of the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, § 2(a)(36)(A), 124 Stat. 3557, 3561.[6] The two laws notably added the following relevant limitation in paragraph (5) of 11 U.S.C. § 1141(d):

> In a case in which the debtor is an individual—
>     (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
>     (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—

---

[5] The parties do not ask us to revisit this legal principle, and we see no reason to do so.

[6] *Moody* also involved confirmation of the taxpayer-debtor's bankruptcy plan before the taxpayer-debtor's notice of deficiency and filing of a petition with this Court, *Moody*, 95 T.C. at 659, but we find this factual distinction immaterial to the resolution of the matter at hand.

(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;

(ii) modification of the plan under section 1127 is not practicable; and

(iii) subparagraph (C) permits the court to grant a discharge . . . .

The question before us can thus be reframed as follows: Does the addition of the above portion of 11 U.S.C. § 1141(d)(5) place a constraint on our prior holding in *Moody* with respect to the termination of an automatic stay in this Court following confirmation of a chapter 11 bankruptcy plan? Following an examination of both *Moody* and this new provision, we hold that it does. Title 11 U.S.C. § 1141(d)(5) clearly provides in relevant part that any debt provided for in the plan is not discharged until (i) the bankruptcy court grants a discharge on completion of all payments under the plan or (ii) a bankruptcy court grants a discharge before that time after notice and a hearing. Because neither of these events has occurred, the automatic stay remains in place.

Despite the clear text of 11 U.S.C. § 1141(d)(5), petitioners ask us to question the intent of this provision by looking to its legislative history and find that it "does not govern 'automatic stays' in the bankruptcy context." Such an exercise is unnecessary in an instance like this where we find the statute unambiguous on its face, *see California v. Montrose Chem. Corp. of Cal.*, 104 F.3d 1507, 1514 (9th Cir. 1997) ("If the plain meaning of the statute only supports one interpretation, the statute is not ambiguous."), and have previously concluded that 11 U.S.C. § 1141(d) can control the termination of an automatic stay in the context of 11 U.S.C. § 362, *see Moody*, 95 T.C. at 659–62.

Petitioners also broadly cite *Kovitch v. Commissioner*, 128 T.C. 108, 112 (2007), *People Place Auto Hand Carwash, LLC v. Commissioner*, 126 T.C. 359, 363 (2006), and *1983 Western Reserve Oil & Gas Co. v. Commissioner*, 95 T.C. 51, 57 (1990), *aff'd*, 995 F.2d 235 (9th Cir. 1993), for the proposition that an automatic stay under 11 U.S.C. § 362(a)(8) "should not apply unless the Tax Court proceeding possibly would affect the tax liability of the debtor in bankruptcy." These cases are distinguishable on the basis that they were concerned

with ascertaining which entities related to a debtor should fall within the scope of 11 U.S.C. § 362(a). This is not the question before us. Unlike the taxpayers in those cases, petitioners are not challenging the appropriateness of the *imposition* of the 11 U.S.C. § 362(a) automatic stay; rather, we are focused exclusively on determining whether an automatic stay that has been properly applied under 11 U.S.C. § 362(a) has been *terminated*. Title 11 U.S.C. §§ 362(c) and 1141(d) squarely supply those conditions, which have not been shown to be met here. Accordingly, petitioners' motion is denied.

To reflect the foregoing,

*An appropriate order will be issued.*