In re: **MADISON RECYCLING ASSOCIATES, Debtor**

**Madison Recycling Associates, Appellant,**

v.

**Internal Revenue Service, Appellee.**

**No. 01–5595.**

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2002.

* The Hon. James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Before KEITH and DAUGHTREY, Circuit Judges, and CARR,* District Judge.

PER CURIAM.

This case originated in the bankruptcy court when the debtor, Madison Recycling Associates, filed a petition under Chapter 7 of the Bankruptcy Code on February 1, 2000. Several days later, the debtor filed an emergency motion in the bankruptcy court seeking to have the bankruptcy

judge hold the IRS in contempt for failing to abide by the automatic stay in effect from the time the Chapter 7 petition was filed, in conformity with 11 U.S.C. § 362(a)(8). The debtor argued that the automatic stay should be invoked in proceedings instituted in 1988 in the United States Tax Court in the name of Madison Recycling Associates by its individual partners, who were seeking readjustment of items set out in the notice of final partnership administrative adjustment issued by the IRS for the partners' 1982 tax year. The tax court case was scheduled to go to trial on February 6. (That case has since been tried and appealed. *See Madison Recycling Associates et al., v. Commissioner of Internal Revenue,* 295 F.3d 280 (2d Cir.2002), affirming the Tax Court's judgment in favor of the Commissioner.) The bankruptcy judge denied relief, holding that the automatic stay provision of the Bankruptcy Code prohibits only "the commencement or continuation of a proceeding before the United States tax court *concerning the debtor," id.* (emphasis added), and that a tax court proceeding to determine the tax liability of the individual partners in a partnership cannot be interpreted as a matter "concerning the debtor," where the partnership has no assets to which the individual partners could assert a claim in bankruptcy.

On appeal, the district court affirmed the bankruptcy court's order, holding— correctly, we conclude—that under the Internal Revenue Code, the actual parties in an FPAA proceeding are the partners, not the partnership. *See* 26 U.S.C. § 6226(c) and (d); Tax Ct. R. 247; *see also 1983 Western Reserve Oil & Gas v. Comm'r,* 95 T.C. 51, 58, 1990 WL 96346 (1990), *aff'd*

---

* The Hon. James G. Carr, United States District Judge for the Northern District of Ohio,    sitting by designation.

*without published opinion*, 995 F.2d 235 (9th Cir.1993) ("[U]nder the statute and our Rules, it is not the partnership, but the partner filing a petition in the Tax Court, who is the petitioner. Thus, it is clear that the bankruptcy proceeding and the proceeding in this Court involve different parties.") (citations omitted). As did the district court, we reject the debtor's contention that despite this authority, the partnership is "the real party in interest." If nothing else, the flaw in this argument should be obvious from the simple fact that partnerships are not subject to federal income tax. We likewise reject the argument that listing the partnership in the heading of the Tax Court action made the debtor a party.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in affirming the order of the bankruptcy court. Because the reasons why judgment should be entered in favor of the IRS have been fully articulated by the bankruptcy court and the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above and upon the reasoning set out by that court in its order filed March 1, 2001.