126 T.C. No. 19

UNITED STATES TAX COURT

PEOPLE PLACE AUTO HAND CARWASH, LLC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10708-05.                    Filed June 14, 2006.

    P is a limited liability company (LLC) owned and
operated by H and W.  When P filed this action for
redetermination of employment status, H and W were
debtors in bankruptcy.  <u>Held</u>:  Because this proceeding
concerns P's employment tax liabilities and not the tax
liabilities of H and W, the automatic stay provision of
11 U.S.C. 362(a)(8) (2000) does not apply to this
proceeding.  <u>Held</u>, <u>further</u>, consideration of equitable
relief pursuant to 11 U.S.C. sec. 105(a) (2000)
properly lies with the Bankruptcy Court rather than the
Tax Court.

Larry Conway (a member), for petitioner.

<u>Donna Mayfield Palmer</u>, for respondent.

## OPINION

THORNTON, Judge: This is an action for redetermination of employment status pursuant to section 7436 and Rule 291.[1] Petitioner, a limited liability company (LLC), is owned and operated by Larry and Marilyn Conway (the Conways), who have filed chapter 7 bankruptcy petitions. The question presently before us is whether the automatic stay provision of 11 U.S.C. section 362(a)(8) (2000) applies to these proceedings. As discussed below, we conclude that it does not.

## Background

Petitioner is a limited liability company, ostensibly organized under Tennessee law. An LLC is a legal entity with attributes of both a corporation and a partnership, although not formally characterized as either one. Blakemore, "Limited Liability Companies and the Bankruptcy Code: A Technical Review", 13 Am. Bankr. Inst. J. 12 (June 1994). Apparently, the Conways are petitioner's only members.

On June 13, 2005, petitioner filed its petition, signed by Larry Conway "for" petitioner.[2] The petition states, among other

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent has raised no issue as to whether Larry Conway has authority to represent petitioner in this proceeding. In his Rule 91(f) motion, filed Jan. 13, 2006, respondent identifies Larry Conway as "petitioner's principal". On the record presently before us, it appears that Larry Conway is authorized
(continued...)

things, that petitioner is "completely out of business with no assets." Attached to the petition is a Notice of Determination of Worker Classification, dated March 16, 2005, and addressed to petitioner in Memphis, Tennessee. In the notice of determination, respondent determined that for purposes of Federal employment taxes, 13 specified individuals were to be classified as petitioner's employees, and, as a consequence, petitioner owed $6,207 in additional employment tax, additions to tax, and penalties with respect to calendar year 2000.

On January 13, 2006, pursuant to Rule 91(f), respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established. In its response, petitioner stated that the Conways are "the whole owners and personally liable parties for this defunct business and action before the court is now involved in a chapter 7 liquidation case" in the U.S. Bankruptcy Court in Memphis, Tennessee.[3] Petitioner contended that this case should be stayed pursuant to the automatic stay provision of 11 U.S.C. section 362(a).

---

[2](...continued)
to represent petitioner in this proceeding. See Rule 24(b) (an "unincorporated association" may be represented by an "authorized member of the association"); cf. Scenic Wonders Gallery, LLC v. Commissioner, T.C. Memo. 2000-64 (holding that an alleged co-trustee of an LLC's tax matters partner failed to establish that he was authorized to act on behalf of the tax matters partner).

[3] Petitioner has not alleged that it is a party to the Conways' bankruptcy proceedings or has itself filed any petition in bankruptcy.

On February 15, 2006, the Court struck this case for trial from the February 27, 2006, Nashville, Tennessee, trial session and calendared its January 18, 2006, Order to Show Cause for hearing at the same trial session. The Court ordered the parties to show cause in writing why the proceedings in this case should not be stayed pursuant to 11 U.S.C. section 362(a)(8). In his response, respondent contended that the automatic stay provisions of 11 U.S.C. section 362(a) are inapplicable because petitioner has filed no petition with the bankruptcy court and is not a debtor therein. Respondent contended alternatively that if the automatic stay is applicable to this proceeding, then the petition was filed in violation of it, and accordingly this case should be dismissed for lack of jurisdiction.[4] See, e.g., Thompson v. Commissioner, 84 T.C. 645 (1985).

Petitioner filed no response to the Court's February 15, 2006, Order to Show Cause. At the hearing on February 27, 2006, in Nashville, Tennessee, there was no appearance by or on behalf of petitioner.

---

[4] Attached as exhibits to respondent's response are copies of PACER Service Center case printouts with respect to 11 U.S.C. ch. 7 petitions filed by Larry and Marilyn Conway on Feb. 26, 2002, and Dec. 18, 2003, respectively.

Discussion

Title 11 of the U.S. Code provides uniform procedures to promote the effective rehabilitation of the bankrupt debtor and, when necessary, the equitable distribution of the debtor's assets. See H. Rept. 95-595, at 340 (1977). In furtherance of these goals, 11 U.S.C. section 362(a) provides automatic stay protection for the debtor and the bankruptcy estate.[5] The

---

[5] Tit. 11 U.S.C. sec. 362(a) (2000), as in effect for relevant periods, provides:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the
(continued...)

automatic stay provisions, as set forth in paragraphs (1) through (7) of 11 U.S.C. section 362(a), generally operate to temporarily bar actions "against" the debtor or property of the debtor or the bankruptcy estate.  Paragraph (8) of 11 U.S.C section 362(a), as in effect for relevant periods, specifically stays Tax Court proceedings "concerning the debtor".[6]

---

[5](...continued)
case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

[6] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, sec. 709, 119 Stat. 23, 127, amended 11 U.S.C. sec. 362(a)(8) to provide for a stay of--

the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

This amendment is effective with respect to petitions for relief under the Bankruptcy Code filed on or after Oct. 17, 2005.  See id. sec. 1501, 119 Stat. 134.  Consequently, this amendment is inapplicable with respect to the bankruptcy cases filed by the Conways.  The legislative history describes the purpose of this amendment as follows:

(continued...)

As a general principle, automatic stay protection does not inherently extend to legal entities separate from the debtor. <u>Patton v. Bearden</u>, 8 F.3d 343, 349 (6th Cir. 1993). For this purpose, "formal distinctions between debtor-affiliated entities are maintained when applying the stay." <u>Maritime Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1205 (3d Cir. 1991) (holding that the automatic stay did not extend to claims against the debtor's corporation); see also <u>In re Palumbo</u>, 154 Bankr. 357 (Bankr. S.D. Fla. 1992) (holding that the automatic stay did not extend to claims against a family limited partnership in which the debtor held 97-percent general and limited partnership interests). Adhering to these general principles, at least one court has held that the automatic stay is inapplicable to an action against an LLC that is associated with a debtor in

[6](...continued)

Under current law, the filing of a petition for relief under the Bankruptcy Code activates an automatic stay that enjoins the commencement or continuation of a case in the United States Tax Court. This rule was arguably extended in <u>Halpern v. Commissioner</u> [96 T.C. 895 (1991)], which held that the tax court did not have jurisdiction to hear a case involving a postpetition year. To address this issue, section 709 of the Act amends section 362(a)(8) of the Bankruptcy Code to specify that the automatic stay is limited to an individual debtor's prepetition taxes (taxes incurred before entering bankruptcy). The amendment clarifies that the automatic stay does not apply to an individual debtor's postpetition taxes. In addition, section 709 provides that the stay applies to both prepetition and postpetition tax liabilities of a corporation so long as it is a liability that the bankruptcy court may determine. [H. Rept. 109-31 (Pt. 1), at 102 (2005).]

bankruptcy but that is not itself a party to the bankruptcy.[7]  In re Calhoun, 312 Bankr. 380 (Bankr. N.D. Iowa 2004).  That case, however, did not involve the automatic stay provision of 11 U.S.C. section 362(a)(8).

We have discovered no authority addressing the question of whether a Tax Court proceeding instituted by an LLC should be viewed as "concerning" debtor members of the LLC within the meaning of 11 U.S.C. section 362(a)(8) so as to trigger the automatic stay.  For the reasons discussed below, we conclude that the automatic stay protection of 11 U.S.C. section 362(a)(8) does not extend to an LLC merely because the LLC's members are debtors in bankruptcy.

Legislative history sheds little light on the meaning of "concerning the debtor" as that phrase is used in 11 U.S.C. section 362(a)(8).  See Halpern v. Commissioner, 96 T.C. 895, 898-902 (1991) (reviewing the legislative history of the automatic stay provisions).  This Court has construed "concerning the debtor" narrowly to mean that the automatic stay should not apply unless the Tax Court proceeding possibly would affect the tax liability of the debtor in bankruptcy.  1983 W. Reserve Oil &

---

[7] Although the Bankruptcy Code does not expressly mention LLCs, it is generally accepted that an LLC is a "person" that may qualify for relief as a "debtor" under the Bankruptcy Code.  See Gilliam v. Speier (In re KRSM Props., LLC), 318 Bankr. 712, 717 (B.A.P. 9th Cir. 2004); In re Calhoun, 312 Bankr. 380, 383 (Bankr. N.D. Iowa 2004); In re ICLNDS Notes Acquisition, LLC, 259 Bankr. 289 (Bankr. N.D. Ohio 2001).

Gas Co. v. Commissioner, 95 T.C. 51 (1990), affd. without published opinion 995 F.2d 235 (9th Cir. 1993);[8] cf. Third Dividend/Dardanos Associates v. Commissioner, 88 F.3d 821, 823 (9th Cir. 1996), revg. T.C. Memo. 1994-412; Chef's Choice Produce, Ltd. v. Commissioner, 95 T.C. 388 (1990); Madison Recycling Association v. IRS, 87 AFTR 2d 1583, 2001-1 USTC par. 50,361 (E.D. Ky. 2001), affd. 45 Fed. Appx. 497 (6th Cir. 2002); Durham Farms v. United States (In re W.J. Hoyt Sons Mgmt. Co.), 84 AFTR 2d 7152, 99-2 USTC par. 51,010 (Bankr. D. Or. 1999). We note that this construction is also consistent with the recently amended language of 11 U.S.C. sec. 362(a)(8), which, as previously noted, refers to a Tax Court proceeding "concerning

---

[8] In 1983 W. Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51 (1990), affd. without published opinion 995 F.2d 235 (9th Cir. 1993), the question was whether the automatic stay provision of 11 U.S.C. sec. 362(a)(8) applied to a partnership action commenced in the Tax Court pursuant to Rule 241 after the partnerships had filed petitions in bankruptcy. Id. This Court held that the automatic stay did not apply, reasoning that because partnerships are not subject to Federal income tax, ultimately the partnership action affected only the income tax liability of the individual partners and so "concerned" only the partners and not the partnership. The Court stated:

> To argue that the partnership proceeding requires the Tax Court to make determinations with respect to the items of income, gain, loss, or credit of the partnership, rather than the individual partners, and that a partnership proceeding involving a bankrupt partnership thus "concerns" the partnership, not the partners, is to exalt form over substance. [Id. at 57.]

the tax liability of a debtor", rather than "concerning a debtor".

The dispute in the instant case ultimately concerns petitioner's liability for unpaid employment taxes and not the Conways' own tax liability. As an LLC, petitioner is a separate legal entity from the Conways.[9] For Federal tax purposes, an LLC with more than one member generally is treated as a partnership unless the LLC elects to be treated as an association (i.e., a

---

[9] Tennessee law provides that an LLC is generally dissolved upon the occurrence of any of various specified events, including the "Bankruptcy of any member". Tenn. Code Ann. sec. 48-245-101(a)(5)(G) (2002). Tennessee law also contemplates, however, that a dissolved LLC continues to exist for purposes of winding up its affairs and litigating claims against it. See, e.g., Tenn. Code Ann. sec. 48-245-502 (2002) (providing procedures to be followed by a dissolved LLC in handling claims against it as part of the winding-up process); Tenn. Code Ann. sec. 48-245-1201 (2002) (providing that after a dissolved LLC has been terminated, "any of its former managers, governors, or members may assert or defend, in the name of the LLC, any claim by or against the LLC"); cf. In re Midpoint Dev., LLC, 313 Bankr. 486 (Bankr. W.D. Okla. 2004) (holding that a dissolved Oklahoma LLC continued to exist for purposes of winding up its affairs and qualified as a "debtor" under the Bankruptcy Code).

We conclude that even if petitioner was dissolved or terminated pursuant to Tennessee law consequent to the Conways' filing bankruptcy petitions, petitioner continued to exist for purposes of challenging its liability for the employment taxes at issue and engaging in this litigation relating to that liability. Otherwise, the question would arise as to whether this case should be dismissed for lack of jurisdiction because of petitioner's lack of capacity to engage in this litigation. See Rule 60. Respondent has not questioned petitioner's capacity to engage in this litigation. For essentially the same reasons just discussed, on the basis of the present record we are satisfied that petitioner has the requisite capacity to engage in this litigation.

corporation).  See sec. 301.7701-3(b)(1)(i), Proced. & Admin.
Regs.  We infer that petitioner has made no such election and for
tax purposes is to be treated as a partnership.[10]  Such
classification for tax purposes, however, has no effect on the
legal status of the ownership of LLC assets and provides no basis
for disregarding petitioner's separate identity from the
Conways'.  See Gilliam v. Speier (In re KRSM Props., LLC), 318
Bankr. 712, 718-719 (B.A.P. 9th Cir. 2004).  More fundamentally,
regardless of petitioner's classification as a partnership for
Federal tax purposes, petitioner is the "employer" within the
meaning of section 3403; accordingly, the liability for the
employment taxes is petitioner's and not the Conways'.  See
United States v. Galletti, 541 U.S. 114, 121 (2004).  Because
petitioner is a separate entity from the Conways, the imposition
of employment tax on petitioner cannot be viewed as equivalent to
the imposition of employment tax on its members.  See id.
Accordingly, the automatic stay provision of 11 U.S.C. section
362(a)(8) is inapplicable to this case.

In "unusual circumstances", a bankruptcy court may properly
stay a proceeding against a nonbankrupt third party, if "there is
such identity between debtor and the third-party defendant that
the debtor may be said to be the real party defendant and that a

_____

[10] Attached as an exhibit to respondent's Rule 91(f) motion
is a Form 1065, U.S. Partnership Return of Income, which
respondent alleges petitioner filed for taxable year 1999.

judgment or finding against third-party defendant will in effect be a judgment against the debtor." <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986); see <u>Amedisys, Inc. v. Natl. Century Fin. Enters., Inc.</u>, 423 F.3d 567, 577 (6th Cir. 2005); <u>Patton v. Bearden</u>, 8 F.3d 343, 349 (6th Cir. 1993). Any such stay, however, would not arise pursuant to the automatic stay provisions of 11 U.S.C. section 362(a) but rather pursuant to the bankruptcy court's equitable power to issue an order as "necessary or appropriate to carry out the provisions" of the Bankruptcy Code, as provided by 11 U.S.C. section 105(a) (2000). See <u>Amedisys, Inc. v. Natl. Century Fin. Enters., Inc.</u>, <u>supra</u>. "[R]equests for such relief can only be presented to the bankruptcy court." <u>Patton v. Bearden</u>, <u>supra</u> at 349. Accordingly, consideration of any such relief lies beyond the purview of this Court.

<u>An appropriate Order</u>

<u>will be issued</u>.