128 T.C. No. 9

UNITED STATES TAX COURT

LISA SUSAN KOVITCH, Petitioner,
AND RICHARD P. KOVITCH, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12281-05.                    Filed April 4, 2007.

    R determined a deficiency with respect to the
joint return that P and I filed for 2002.  P filed a
petition in which the only issue raised was her
entitlement to spousal relief pursuant to sec. 6015,
I.R.C.  I did not file a petition.  R notified I of P's
petition and his right to intervene pursuant to sec.
6015(e)(4), I.R.C., and Rule 325 of the Tax Court Rules
of Practice and Procedure.  I filed a notice of
intervention and shortly thereafter filed for
bankruptcy.  Pursuant to 11 U.S.C. sec. 362(a)(8)
(2000), a bankruptcy filing gives rise to an automatic
stay of proceedings in the Tax Court "concerning the
debtor."  The automatic stay with respect to I's
bankruptcy case has not been terminated.

**Held**: The automatic stay imposed by 11 U.S.C. sec. 362(a)(8) applies only to Tax Court proceedings that affect the tax liability of the debtor. Whether P is entitled to sec. 6015, I.R.C., spousal relief will not affect I's joint tax liability because I will remain liable for the 2002 tax liability regardless of whether or not P remains jointly liable. Accordingly, the automatic stay imposed by 11 U.S.C. sec. 362(a)(8) does not prohibit this Court from proceeding to determine whether P is entitled to spousal relief, nor does it prohibit I from participating as an intervenor.

Lisa Susan Kovitch, pro se.

Richard P. Kovitch, pro se.

Jack T. Anagnostis, for respondent.


OPINION


RUWE, Judge: The issue that we decide in this Opinion is whether we may proceed to adjudicate petitioner's claim for spousal relief in light of the fact that petitioner's former husband intervened and subsequently filed for bankruptcy, giving rise to the automatic stay imposed by 11 U.S.C. section 362(a)(8) (2000). The automatic stay prevents the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.[1]

---

[1] Petitioner requested to have this case decided under the small tax case procedures provided in sec. 7463. However, because the issue we decide in this Opinion is an issue of first impression, we removed the small tax case designation and will proceed under the normal procedural Rules of the Tax Court. See Rule 171(c), Tax Court Rules of Practice and Procedure.

## Background

Petitioner and her former husband, Richard P. Kovitch, filed a joint Federal income tax return for their tax year 2002.  They have since divorced.  On April 7, 2005, respondent issued a notice of deficiency to petitioner and Mr. Kovitch for 2002. Petitioner timely filed a petition.  The only issue raised in her petition is whether she is entitled to relief from joint and several liability pursuant to section 6015.[2]  Petitioner is not challenging the underlying deficiency.  Mr. Kovitch did not file a petition.

Pursuant to Rule 325(a) and King v. Commissioner, 115 T.C. 118 (2000), respondent sent a timely notice of filing of petition and right to intervene to Mr. Kovitch, who then filed a notice of intervention.  By filing his notice of intervention, Mr. Kovitch became a party to this case.  See sec. 6015(e)(4); King v. Commissioner, supra.  Shortly after Mr. Kovitch filed his notice of intervention,[3] he filed for bankruptcy.[4]  Mr. Kovitch's

_____

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] There is a question as to the timeliness of Mr. Kovitch's notice of intervention.  Pursuant to Rule 325(b), a notice of intervention should be filed "not later than 60 days after service of the notice by the Commissioner of the filing of the petition, unless the Court directs otherwise."  Mr. Kovitch suggests that any delay may be due to his change of address, and we note that he originally sent the notice of intervention to respondent, who apparently forwarded it to the Court.  Respondent
(continued...)

bankruptcy filing gave rise to the automatic stay imposed by 11 U.S.C. section 362(a)(8) that prohibits the commencement or continuation of Tax Court proceedings "concerning the debtor." The automatic stay has not been terminated. Before we can proceed to adjudicate whether petitioner is entitled to relief under section 6015, we must decide whether the automatic stay prevents us from doing so.

## Discussion

### I. Nature of Joint Liability and Section 6015 Relief

Spouses who file joint returns are jointly and severally liable for the entire tax liability, which may be collected from either spouse. See sec. 6013(d)(3). However, section 6015 provides that, notwithstanding section 6013(d)(3), a joint filer may elect to seek relief from joint and several tax liability.

Congress vested this Court with jurisdiction to review a taxpayer's claim for relief from joint and several liability under specified circumstances. Maier v. Commissioner, 119 T.C.

---

[3](...continued) has not objected to the notice of intervention, and any delay in filing the notice of intervention does not appear to have caused harm to any of the parties. In any event, we would use our discretion, as provided in Rule 325(b), to allow the notice of intervention to be filed.

[4] Mr. Kovitch's bankruptcy case was initially a ch. 7 proceeding; however, on May 1, 2006, the case was converted to a ch. 13 proceeding.

267, 270 (2002), affd. 360 F.3d 361 (2d. Cir. 2004); see also King v. Commissioner, supra at 121-122; Corson v. Commissioner, 114 T.C. 354, 363-364 (2000). Claims for spousal relief can be raised in several different types of proceedings including petitions filed under section 6015(e), 6330, or 6213. Drake v. Commissioner, 123 T.C. 320, 323 (2004); King v. Commissioner, supra at 121-122. Petitioner requested such relief by raising the matter as an affirmative defense in a deficiency proceeding under section 6213(a). See Drake v. Commissioner, supra at 323; see also Butler v. Commissioner, 114 T.C. 276, 287-288 (2000).

For cases involving requests for spousal relief, section 6015(e)(4) directs the Court to establish rules to provide notice to the nonrequesting spouse and an opportunity to become a party to the proceeding. Pursuant to Rule 325 and King, Mr. Kovitch was notified of petitioner's petition seeking relief from joint and several liability and of his right to intervene in petitioner's case. By intervening, Mr. Kovitch became a party. See Tipton v. Commissioner, 127 T.C. 214, 217 (2006). An intervening party is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceeding, and must abide by the Court's Rules. Id. The instant proceeding concerns only whether

petitioner is entitled to relief from her joint tax liability.
Mr. Kovitch's liability is not at issue.

## II. The Automatic Stay in Bankruptcy Cases

A bankruptcy filing generally triggers an automatic stay of Tax Court proceedings concerning the debtor. Actions which are subject to the automatic stay are set forth in 11 U.S.C. section 362(a).[5] At the time Mr. Kovitch filed for bankruptcy, 11 U.S.C. section 362(a) provided in relevant part:

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

* * * * * * *

---

[5] Pars. (1)-(7) of 11 U.S.C. sec. 362(a) (2000) generally operate to temporarily bar actions "against" the debtor or property of the debtor or the bankruptcy estate. People Place Auto Hand Carwash, LLC v. Commissioner, 126 T.C. 359, 361-362 (2006). Par. (8) of 11 U.S.C. sec. 362(a), as in effect here, specifically stays Tax Court proceedings "concerning the debtor." Id. at 362.

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.[6]

The automatic stay generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate. Allison v. Commissioner, 97 T.C. 544, 545 (1991). In a chapter 13 bankruptcy, such as that of Mr. Kovitch, an automatic stay is generally lifted only at "the time a discharge is granted or denied." 11 U.S.C. sec. 362(c)(2)(C) (2000).

This Court has jurisdiction to determine whether the automatic stay under 11 U.S.C. section 362(a)(8) prevents us from proceeding. See Moody v. Commissioner, 95 T.C. 655, 658 (1990). We have construed the phrase "concerning the debtor" in 11 U.S.C. section 362(a)(8) narrowly to mean that the automatic stay should not apply unless the Tax Court proceeding possibly would affect the tax liability of the debtor in bankruptcy. People Place Auto Hand Carwash, LLC v. Commissioner, 126 T.C. 359, 363 (2006); 1983

---

[6] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, sec. 709, 119 Stat. 127, amended sec. 362(a)(8) of the Bankruptcy Code by striking out "the debtor" and inserting "a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title". This provision became effective with respect to petitions for relief under the Bankruptcy Code filed on or after Oct. 17, 2005. See id. sec. 1501, 119 Stat. 216. Because Mr. Kovitch commenced his bankruptcy case on Oct. 14, 2005, this amendment does not apply here.

<u>W. Reserve Oil & Gas Co. v. Commissioner</u>, 95 T.C. 51 (1990),
affd. without published opinion 995 F.2d 235 (9th Cir. 1993).[7]
Thus, we must decide whether the current proceeding involving
petitioner's request for section 6015 spousal relief affects Mr.
Kovitch's tax liability for purposes of applying the automatic
stay.

---

[7] This construction is consistent with the recently amended
language of 11 U.S.C. sec. 362(a)(8). <u>People Place Auto Hand
Carwash, LLC v. Commissioner</u>, <u>supra</u> at 364; see also Bankruptcy
Abuse Prevention and Consumer Protection Act of 2005 sec. 709.
There is no indication in the legislative history that the change
from "concerning the debtor" to "concerning the tax liability of
the debtor" should alter the way the statute is interpreted with
regard to the debtor.  Rather, this amendment clarifies how the
statute had been interpreted by the courts before the amendment.
The legislative history describes the purpose of this amendment
as follows:

> "Under current law, the filing of a petition for relief
> under the Bankruptcy Code activates an automatic stay
> that enjoins the commencement or continuation of a case
> in the United States Tax Court.  This rule was arguably
> extended in <u>Halpern v. Commissioner</u> [96 T.C. 895
> (1991)], which held that the tax court did not have
> jurisdiction to hear a case involving a postpetition
> year.  To address this issue, section 709 of the Act
> amends section 362(a)(8) of the Bankruptcy Code to
> specify that the automatic stay is limited to an
> individual debtor's prepetition taxes (taxes incurred
> before entering bankruptcy).  The amendment clarifies
> that the automatic stay does not apply to an individual
> debtor's postpetition taxes.  In addition, section 709
> provides that the stay applies to both prepetition and
> postpetition tax liabilities of a corporation so long
> as it is a liability that the bankruptcy court may
> determine. [H. Rept. 109-31 (Pt. 1), at 102 (2005).]"

<u>People Place Auto Hand Carwash, LLC v. Commissioner</u>, <u>supra</u> at 362
n.6.

Mr. Kovitch's tax liability is a liability to the United States, and whether or not spousal relief is granted to petitioner, Mr. Kovitch remains liable. The only issue to be decided is the extent to which petitioner will remain liable for the 2002 tax liability. As the Court of Appeals for the Ninth Circuit has observed, the Tax Court's determination regarding relief under section 6015 does not affect the intervening former spouse's personal tax liability. Baranowicz v. Commissioner, 432 F.3d 972, 974 (9th Cir. 2005).[8]

Regardless of whether we grant or deny relief to petitioner under section 6015, our decision in this case can neither increase nor decrease Mr. Kovitch's tax liability and thus will not affect whether Mr. Kovitch is liable for the entire amount. Therefore, petitioner's request for section 6015 relief does not concern the tax liability of Mr. Kovitch.[9] Accordingly, we hold

---

[8] The Court of Appeals for the Ninth Circuit decided that an intervening former spouse lacked standing to appeal the Tax Court's determination regarding sec. 6015 relief. Baranowicz v. Commissioner, 432 F.3d 972 (9th Cir. 2005). In Baranowicz, the intervenor argued that, although the deficiencies determined by the Tax Court or the Court of Appeals would not change his obligation to pay, the determination granting spousal relief to the requesting spouse constituted actual injury. The Court of Appeals disagreed, holding that "Absent a showing of some concrete harm, we must reject * * * [the intervenor's] argument that the mere grant of participation rights in the Tax Court under § 6015(e)(4) is sufficient to confer on him standing to appeal." Id. at 976.

[9] We recognize that a decision granting petitioner's request for relief could conceivably have a financial impact on Mr.
(continued...)

that the automatic stay imposed by 11 U.S.C. section 362(a)(8) does not preclude this Court from proceeding in this case to determine whether petitioner is entitled to relief, nor does it prohibit Mr. Kovitch from participating as an intervenor in this case.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[9](...continued)
Kovitch in the future.  For example, if petitioner's request for relief were denied, respondent might collect the joint liability from petitioner as opposed to Mr. Kovitch.  We do not believe that such speculative possibilities are sufficient to make this a proceeding concerning the tax liability of the debtor in bankruptcy.  Our decision in this case will not alter Mr. Kovitch's tax liability.