T.C. Memo. 2007-175

UNITED STATES TAX COURT

WENDELL RAY HOLLOWAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8779-06L.                    Filed July 3, 2007.

Wendell Ray Holloway, pro se.

<u>Denise A. DiLoreto</u> and <u>Paul J. Krazeise, Jr.</u>, for
respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case was commenced in response to a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330, sustaining a proposed levy to collect
petitioner's Federal income taxes for 1999, 2000, and 2001.  (In
the notice of determination, a proposed levy with respect to 2003

and 2004 was not sustained.)  The issue for decision is whether it was an abuse of discretion to sustain the proposed levy. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Petitioner is a self-employed attorney who resided in Kentucky at the time that his petition was filed.  Petitioner was married to Tammy S. Holloway (Ms. Holloway or petitioner's former spouse) from March 21, 1988, through December 16, 2003. Petitioner and Ms. Holloway filed joint Federal income tax returns for 1999, 2000, and 2001.  Petitioner's joint return reflected amounts owed of $10,896.72 for 1999, $11,127 for 2000, and $11,969 for 2001.  The amounts were unpaid, and the taxes shown on the returns were assessed.

In 2004, respondent's Innocent Spouse Unit in Covington, Kentucky, determined that Ms. Holloway was entitled to relief under section 6015(f) for the underpayments shown on the joint returns for 1999, 2000, and 2001.  According to respondent's records, notices were sent to petitioner before and after the decision to grant relief to his former spouse.

On May 31, 2005, Revenue Officer Sheila Stewart (Stewart) sent to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, listing the amounts that were owed on petitioner's tax liabilities for 1999 through 2004 as

totaling $81,287.21. Petitioner requested a section 6330 hearing. Attached to his request was a document entitled "Notice of Appeal, Challenge and Objection, Request for Production of Documents, Demand for Hearing and Judicial Review, and Counterclaim and Offset and To Dismiss Notice". In that document, petitioner set forth a melange of claims, including that the Revenue officer had failed to make available to him payment plans; that the IRS had erroneously granted relief to his former spouse; that 2003 and 2004 liabilities were not properly the subject of levy; that petitioner was not liable for penalties and interest; that petitioner had a counterclaim and offset for property taken from him when he was a minor; and numerous vague and unsupported claims of violation of procedural regulations, due process, and equal protection. Petitioner requested a face-to-face hearing close to his residence. In a letter dated September 11, 2005, he explained his position that he had sold cattle herds during 2000 to meet the demands of his former wife, who started divorce proceedings in 1999. He stated: "It is my understanding that my ex-wife was granted innocent spouse status about July 2003 even though she is the one that spent all the money and that is the reason the two cattle herds had to be sold." Petitioner requested that the hearing be delayed because of his domestic situation and his professional responsibilities.

A hearing was subsequently set for February 9, 2006, by Settlement Officer Danny L. Williams (Williams). In a letter dated January 24, 2006, petitioner requested a delay, and a hearing was set for March 15, 2006. Prior to and during the hearing, petitioner demanded certain information concerning the grant of relief under section 6015(f) to his former spouse. Williams sent to petitioner instructions for submitting a Freedom of Information Act request. A hearing was conducted on March 15, 2006, and additional documents were sent by petitioner to Williams after the hearing. There was no tape-recording or transcript of the section 6330 hearing conducted by Williams with petitioner on March 15, 2006, nor was one requested by petitioner prior to the section 6330 hearing date. On April 13, 2006, the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, signed by an Appeals Team Manager, was sent to petitioner.

The notice of determination set forth petitioner's various claims and accepted only petitioner's contention with respect to 2003 and 2004. The notice analyzed petitioner's financial information and concluded that an offer-in-compromise was not a viable collection alternative because he had more than sufficient equity in his assets to pay his liability in full. The notice stated that petitioner had been given notice of and an opportunity to participate in the action on his former spouse's

section 6015 claim, that he had not responded, and that he had admitted receiving the notices but ignored them because contesting them might affect his child custody battle.  After discussing each of petitioner's claims, the notice sustained the proposed levy action to collect the liabilities owed for 1999, 2000, and 2001.

### Discussion

Petitioner requested and received a hearing under section 6330.  Section 6330(c)(2) provides:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> *    *    *    *    *    *    *
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not

- 6 -

> otherwise have an opportunity to dispute such
> tax liability.

Petitioner's liabilities were self-reported and arguably the subject of challenge at the hearing. See Montgomery v. Commissioner, 122 T.C. 1, 8 (2004). However, at no time has petitioner raised a viable challenge to the amounts assessed against him. His arguments boil down to a claim that the Internal Revenue Service (IRS) is precluded from collecting interest and penalties because of procedural errors. Although he broadly alleges issues as to the amounts of tax, he has not identified or proven any errors as to the assessed amounts.

Petitioner's primary contention, which permeates several different claims of violation of "due process", is that the IRS erroneously granted section 6015(f) relief to his former spouse. Petitioner claims that he is entitled to raise this issue under section 6330(c)(2)(A)(i). He argues that his wife and her demands during divorce proceedings caused the unpaid liabilities and that he did not receive adequate notice before she was granted relief. He did not, however, present any persuasive or admissible evidence in support of those claims.

In the petition in this case, in numerous meritless motions, and in his posttrial briefs, petitioner has merely repeated his broad unsupported assertions that he has been denied due process of law and that the IRS has not proceeded properly. Despite the opportunity to testify at trial, petitioner declined to do so,

preferring instead to submit this case on the stipulation and his written arguments.

Respondent, on the other hand, filed a motion for summary judgment based on a declaration of Williams "setting out the relevant documents contained in the administrative file from the CDP hearing".  Respondent contends that:

> Testimony and/or evidence outside of the administrative record may be admissible if the administrative record does not completely disclose all of the factors considered by the agency or if there is a dispute over what happened during the hearing process.  Murphy v. Commissioner, 125 T.C. 301 (2005) (new evidence regarding an irregularity in the conduct of a hearing or some defect in the record may be presented at trial, even if the record rule is applicable).  See also Robinette, 439 F.3d, at 461 ("Of course, where a record created in informal proceedings does not adequately disclose the basis for the agency's decision, then it may be appropriate for the reviewing court to receive evidence concerning what happened during the agency proceedings."  (citation omitted)). The administrative record in this case, however, not only completely discloses all of the factors that respondent's settlement officer considered in making his determination, but also confirms that he did not omit any relevant factor required to make such determination, and petitioner has failed to allege material facts or otherwise make a prima facie showing that any exceptions to the record rule apply.

Respondent also alleged:

> On February 10, 2005, petitioner met with respondent's Revenue Officer Sheila Stewart in respondent's Owensboro, Kentucky office to discuss petitioner's unpaid income tax liabilities.  During that meeting, petitioner told Revenue Officer Stewart that he had received the prior correspondence sent to him by respondent's Innocent Spouse Unit in Cincinnati, Ohio, regarding the innocent spouse relief claim filed by Tammy S. Holloway and that he did not contest or otherwise dispute such claim by her because he feared

that it may affect the disposition of his child custody dispute with her in their pending divorce action. Declaration Exhibit Y.

The declaration of Williams was attached to respondent's motion, but there was no declaration from Stewart. Exhibit Y was an unsigned printout of a "case history" of petitioner and Ms. Holloway. Because petitioner disputed the completeness of the administrative record and the factual assertions made, including his alleged admissions to Stewart concerning his receipt of notice of the claims of Ms. Holloway, respondent's motion for summary judgment was denied. Respondent did not call any witnesses at trial.

Although respondent repeats in the briefs the allegations of statements made to Stewart and claims that those statements are admissions and exceptions to the hearsay rule, there is no evidence that petitioner made the statements to Stewart. Petitioner denies making the statements, though not under oath. Thus, there is no admissible evidence in the record as to whether the statements were made or not made. For the reasons explained below, we conclude that the disputed admissions are irrelevant to our decision.

Respondent also argues that we are bound by the administrative record in this case, notwithstanding petitioner's disputes about omissions from and inadequacy of the administrative record. Because no testimony was offered at

trial, we do not need to consider whether testimony in addition to the administrative record may be considered. The stipulation includes documents that were not included in the administrative record in this case, and respondent has maintained a relevance objection to those documents. Because we agree with respondent's relevance objection, we need not address respondent's contention that we are limited to the administrative record.

Married taxpayers who elect to file a joint Federal income tax return are jointly and severally liable for the entire tax due for the year of the return. Sec. 6013(d)(3). A spouse (a requesting spouse) may seek relief from joint and several liability by following the procedures established in section 6015. If the disputed liability involves nonpayment of taxes shown on a joint return, the only relief available is under section 6015(f). See Washington v. Commissioner, 120 T.C. 137, 146-147 (2003). Thus, the relief pursued by and granted to Ms. Holloway was relief under section 6015(f).

Under the circumstances of this case, petitioner is fully responsible for the unpaid amounts, whether or not Ms. Holloway is also responsible. Petitioner has provided neither reason nor authority supporting his assertion that relief given to Ms. Holloway should preclude the proposed levy against his assets or that his claim is the type of "spousal defense" contemplated under section 6330. Neither he nor the Court has the ability to

require the IRS to collect unpaid amounts from her rather than from him.  Cf. Baranowicz v. Commissioner, 432 F.3d 972 (9th Cir. 2005); Kovitch v. Commissioner, 128 T.C. 108 (2007); Maier v. Commissioner, 119 T.C. 267 (2002), affd. 360 F.3d 361 (2d Cir. 2004); Miller v. Commissioner, 115 T.C. 582, 586-588 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001).

Petitioner contends that the failure to record the hearing and the failure to have certain documents in the form of admissible evidence make the determination "null, void, and unenforceable"; that the assignment of his hearing to a Settlement Officer rather than an Appeals Officer and the issuance of the notice of determination signed by an Appeals Team Manager were denials of due process and render the notice "unenforceable"; and that certain IRS employees were not competent to take the steps reflected in the administrative record.  Although petitioner had the option, under section 7521, to request in advance that the hearing be recorded, he has stipulated that he did not make such a request.  Despite his rhetoric, petitioner has not shown any requirement of law that was not followed by the persons involved.  He has not acknowledged or distinguished law contrary to his contentions. See, e.g., Living Care Alternatives of Utica, Inc. v. United States, 411 F.3d 621, 624 (6th Cir. 2005); Cox v. Commissioner,

126 T.C. 237, 246-248 (2006); <u>Elmore v. Commissioner</u>, T.C. Memo 2003-123.

Petitioner has not addressed his financial circumstances that were determined in the notice to preclude alternative means of collection. He raises new issues, such as claims that certain assets are exempt, only in his reply brief, and therefore those issues will not be considered. Again his arguments are not supported by evidence or authority. We need not and will not address all of them. The abuse of discretion standard requires the Court to decide whether the challenged determination was arbitrary, capricious, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999). After considering petitioner's lengthy submissions and the lack of evidentiary or legal support for his claims, we conclude that he has shown neither error nor abuse of discretion in the notice of determination.

<u>Decision will be entered</u>

<u>for respondent.</u>