T.C. Memo. 2009-73

UNITED STATES TAX COURT

STEVEN J. STANWYCK, Petitioner,
AND JOAN STANWYCK, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 533-07L.                    Filed March 31, 2009.

Steven J. Stanwyck, pro se.

<u>John O. Kent</u>, for intervenor.

<u>Michael W. Tan</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Petitioner seeks review of respondent's

denial of section 6015[1] relief and review of respondent's

------------------------------------------------------

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
                                            (continued...)

rejection of other claims petitioner raised with respect to a notice of intent to levy and a notice of the filing of a lien. At the time he filed his petition, petitioner resided in California.

Joan Stanwyck (intervenor) intervened on April 12, 2007, after receiving a notice of filing of petition and right to intervene from respondent filed February 27, 2007. Petitioner and intervenor were married and filed joint income tax returns for 1991, 1997, and 1998; petitioner requested section 6015 relief from joint and several liability for those years. Petitioner and intervenor are now divorced.

On October 12, 2007, petitioner filed a petition pursuant to chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California. Pursuant to 11 U.S.C. section 362(a)(8) (2006), this proceeding has been stayed as to petitioner. In the Court's order to show cause dated October 29, 2007, we directed the parties to show why the proceedings should not be stayed as to intervenor.

Both intervenor and respondent argue that there is only one proceeding before this Court, the proceeding of petitioner. Further, intervenor is allowed by statute to intervene in this proceeding. Because this proceeding is stayed, intervenor's

---

[1](...continued)
Court Rules of Practice and Procedure.

rights to intervene are stayed.  On the other hand, petitioner argues that a bankruptcy stay "applies to a person and not to an entire proceeding."

OPINION

I.  Section 6015 Relief and Intervention by NonRequesting Spouse

Spouses who file joint returns are jointly and severally liable for the entire tax liability, which may be collected from either spouse.  See sec. 6013(d)(3).  However, section 6015 provides that, notwithstanding section 6013(d)(3), a joint filer may elect to seek relief from joint and several tax liability.

Congress vested this Court with jurisdiction to review a taxpayer's claim for relief from joint and several liability under specified circumstances.  Maier v. Commissioner, 119 T.C. 267, 270 (2002), affd. 360 F.3d 361 (2d. Cir. 2004); see also King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000).  Claims for spousal relief can be raised in several different types of proceedings including petitions filed under section 6015(e), 6320, 6330, or 6213.  Drake v. Commissioner, 123 T.C. 320 (2004); King v. Commissioner, supra at 121-122.

Petitioner requested such relief after receiving a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing and Notice of Federal Tax Lien Filing and Your Right to a Hearing.  Petitioner was denied relief pursuant to section 6015

on December 8, 2006, and petitioned this Court on January 5, 2007.

For cases involving requests for spousal relief, section 6015(e)(4)[2] directs this Court to establish rules to provide notice to the nonrequesting spouse and an opportunity to become a party to the proceeding. Pursuant to Rule 325 and King, intervenor was notified of petitioner's petition seeking relief from joint and several liability and of her right to intervene in petitioner's case. By intervening, intervenor became a party. See Tipton v. Commissioner, 127 T.C. 214, 217 (2006). An intervening party is not granted rights or immunities superior to those of the other parties, may not enlarge the issues or alter the nature of the proceeding, and must abide by the Court's Rules. Id. This proceeding concerns issues petitioner raised including whether petitioner is entitled to relief from his joint tax liability. Intervenor's liability is not at issue. See Kovitch v. Commissioner, 128 T.C. 108, 111 (2007).

---

[2] Sec. 6015(e)(4) provides as follows:

SEC. 6015(e). Petition for Review by Tax Court.--

(4) Notice to other spouse.--The Tax Court shall establish rules which provide the individual filing a joint return but not making the election under subsection (b) or (c) or the request for equitable relief under subsection (f) with adequate notice and an opportunity to become a party to a proceeding under either subsection.

II.  The Automatic Stay in Bankruptcy Cases

A bankruptcy filing generally triggers an automatic stay of Tax Court proceedings concerning the debtor.  Id.[3]  At the time petitioner filed for bankruptcy (October 12, 2007), 11 U.S.C. section 362(a) provided in relevant part:

> § 362.  Automatic stay
>
>     (a)  Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
>     *       *       *       *       *       *       *
>
>     (8)  the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

The automatic stay generally operates to temporarily bar actions against or concerning the debtor or bankruptcy estate.

_____

[3]  As applicable in Kovitch v. Commissioner, 128 T.C. 108 (2007), 11 U.S.C. sec. 362(a)(8) read: "(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor."  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, sec. 709, 119 Stat. 127, amended 11 U.S.C. sec. 362(a)(8) to its current version, effective in cases commenced on or after Oct. 17, 2005, id. sec. 1501, 119 Stat. 216.  The amended version removed the phrase "the debtor" and replaced it with the phrase "a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title".

Allison v. Commissioner, 97 T.C. 544, 545 (1991).  In a chapter 11 bankruptcy an automatic stay is generally lifted at the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge.  11 U.S.C. sec. 362(c)(2).

This Court has jurisdiction to determine whether the automatic stay under 11 U.S.C. section 362(a)(8) prevents us from proceeding.  See Moody v. Commissioner, 95 T.C. 655, 658 (1990). This Court has previously construed the phrase "concerning the debtor" that appeared in the prior version of 11 U.S.C. section 362(a)(8).[4]  We have not yet construed the phrase "concerning the tax liability of a debtor who is an individual" that appears in the current version of 11 U.S.C. section 362(a)(8).  However the current version of 11 U.S.C. section 362(a)(8) and the prior version construed in Kovitch are very similar insofar as relevant here.  Both focus on the tax liability of the debtor in bankruptcy.  Our prior cases construing the previous version of

---

[4]  In Kovitch v. Commissioner, supra at 112, we stated as follows:

> We have construed the phrase 'concerning the debtor' in 11 U.S.C. section 362(a)(8) narrowly to mean that the automatic stay should not apply unless the Tax Court proceeding possibly would affect the tax liability of the debtor in bankruptcy.  People Place Auto Hand Carwash, LLC v. Commissioner, 126 T.C. 359, 363 (2006); 1983 W. Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51 (1990), affd. without published opinion 995 F.2d 235 (9th Cir. 1993). Thus, we must decide whether the current proceeding involving petitioner's request for section 6015 spousal relief affects Mr. Kovitch's tax liability for purposes of applying the automatic stay.  [Fn. ref. omitted.]

11 U.S.C. section 362(a)(8) are relevant to our determination in this case.  In Kovitch we had to decide whether the taxpayer's case involving her request for section 6015 relief affected the tax liability of her ex-husband who had filed a notice of intervention and shortly thereafter filed for bankruptcy.  Here, rather than intervenor being a debtor in bankruptcy, petitioner is a debtor in bankruptcy.  Petitioner's tax liability is in issue.

The plain language of section 6015(e)(4) supports respondent's and intervenor's argument that there is only one proceeding.  See id. ("an opportunity to become a party to a proceeding under either such subsection.").  A new proceeding is not created when there is an intervention; rather, the intervenor simply becomes a party to the existing proceeding.  Id.

Whether petitioner should be relieved of liability for the tax liabilities at issue and whether petitioner's other claims have merit are the concerns of this proceeding.  Intervenor seeks to participate in the proceeding and offer information related to whether petitioner should be awarded relief pursuant to section 6015.

The automatic stay of 11 U.S.C. section 362(a)(8) must stay this proceeding also as to intervenor.  As we stated in Tipton v. Commissioner, supra, at 217:  "The intervening party is

not granted rights or immunities superior to those of the other parties".

Accordingly, the automatic stay of 11 U.S.C. section 362(a)(8) applies to intervenor.

To reflect the foregoing,

An appropriate order will be issued.