# United States Tax Court

T.C. Summary Opinion 2025-3

AMANDA RENEE STEWART,
Petitioner,
AND AHMED ZIED,
Intervenor

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8579-22S.                          Filed March 11, 2025.

————

Amanda Renee Stewart, pro se.

Ahmed Zied, pro se.

*Donna L. Crosby*, *Andre J. Kim*, and *Catherine A. Sullivan*, for respondent.

SUMMARY OPINION

SIEGEL, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue before us is whether intervenor's objections to petitioner's entitlement to relief from joint and several liability pursuant to section 6015(c) have any merit. They do not.

*Background*

Petitioner, Amanda Renee Stewart, and intervenor, Ahmed Zied, were married in 2016 and divorced in 2020. They lived in California at all times relevant to this case.

Petitioner and intervenor kept their finances largely separate throughout their marriage. For example, they would split joint household expenses by individually putting money for the specific item(s) into a shared account maintained for that purpose. If they gave a gift as a couple, they would each pay for half. The two tracked their expenses through a smartphone application and would periodically reconcile them, settling up when they did so. Petitioner frequently fronted the money for joint expenses and was later reimbursed by intervenor. The two did not own any property or investments together.

Petitioner and intervenor began having marital problems, and they were legally separated in August 2019. Because they were not yet officially divorced, petitioner was under the impression that the former couple was required to jointly file their 2019 Form 1040, U.S. Individual Income Tax Return (return). Further, petitioner wanted to continue deducting her student loan interest; married taxpayers are allowed a higher modified adjusted gross income before the deduction phases out. *See* § 221(b)(2).

Despite their relationship having devolved into a verbally combative one, the two continued the tax preparation routine they had employed throughout their marriage: Using the online version of TurboTax, petitioner would enter information into the program from her Form W–2, Wage and Tax Statement, and for her student loans. Afterward, intervenor would enter his more complicated tax information. Then they would hit "send" and file electronically. Intervenor's information was more complicated than petitioner's because he was a technical consultant with his own business, reporting income received from and expenses relating to various clients he worked with during the year. Petitioner was not a part of his business and had no insight into his business affairs.

The San Diego Superior Court dissolved petitioner's and intervenor's marriage on June 15, 2020, and their divorce finalized six

months later.[2] The property settlement agreement they entered into specified that intervenor was to pay any and all tax-related debts stemming from specified years (which included 2019) and to ensure that petitioner was not liable for any debt relating to those tax years. It turns out there were tax-related debts for 2019.

In a Notice of Deficiency (Notice) dated January 10, 2022, copies of which were sent to petitioner and intervenor separately, respondent determined that the former couple's 2019 return failed to report both taxable wages and nonemployee compensation, resulting in a deficiency of $33,028. The Notice also determined an accuracy-related penalty of $6,474 under section 6662(b)(2). When petitioner emailed intervenor about the Notice, he responded that "[i]f the taxes are mine, I'll pay them. Don't worry."

In response to the Notice, petitioner filed a request for innocent spouse relief with the Internal Revenue Service (IRS), explaining that the unreported income was solely attributable to intervenor and his business. The IRS granted her relief pursuant to section 6015(c): Petitioner and intervenor would each be responsible only for the portion of the deficiency and penalty attributable to themselves. Petitioner also timely petitioned this Court.

In her Petition, petitioner raised the affirmative defense of her request for relief from the joint and several liability determined in the Notice. She did not allege that any part of the determination was wrong or raise any other issues for the Court to consider. Petitioner explained that she was unaware that intervenor had failed to report portions of his income on their joint return. This is because, aside from their method of tax preparation, the two lived in separate households for several months of 2019 and petitioner had no reason to know which clients intervenor worked with or how much he earned from each client during that period. In addition, communication between petitioner and intervenor was strained at best and often outright hostile.

Intervenor did not file his own petition, despite having received a copy of the Notice. He did fill out Form 12508, Questionnaire for Non-Requesting Spouse, in response to petitioner's request for relief filed with the IRS. He wrote: "Unfortunately when I reviewed [the 2019 return], I did not take into consideration how the amounts and expenses

---

[2] Divorces in California have a mandatory six-month waiting period. Cal. Fam. Code § 2339(a) (Deering 2020).

were filed that belonged to my business." He also filed a Notice of Intervention in this case.

Intervenor disputed petitioner's eligibility for relief, arguing that it would be unfair to grant it. Specifically, intervenor opposed petitioner's receipt of any relief from their joint and several liability for 2019 because he believed she made the request purely to "stick" him with the entirety of the deficiency and penalty. He thought it would be fairer to require petitioner to help him revise the return and reduce the deficiency amount; he wanted the opportunity to amend the return to report the omitted income and claim related deductions to offset portions of it.

*Discussion*

As an initial matter, the Court has no authority to require parties to amend their income tax returns. Further, we agree with the IRS's concession that petitioner should be relieved from joint and several liability under section 6015(c) for the portion of the deficiency and penalty caused by intervenor's unreported income from his business.

Married taxpayers may elect to file a joint federal income tax return. § 6013(a). If they do, typically each spouse is jointly and severally liable for the entire tax due on their aggregate income for that year. § 6013(d)(3). In certain circumstances, however, a spouse who previously filed a joint return may seek relief from joint and several liability under procedures set forth in section 6015. § 6015(a).

To qualify for relief under section 6015(c), the requesting spouse must satisfy various requirements, none of which are at issue here.[3] Intervenor's chief opposition—that he does not want petitioner to "be let off the hook this easily"—has no bearing on the facts or on the application of those facts to the law.

Intervenor's other objection to granting petitioner relief focused on wanting to now claim deductions that would have offset at least some of the omitted income, reducing the deficiency and penalty amounts

---

[3] Section 6015(d)(3)(A) allocates the items giving rise to the deficiency as if the spouses had filed separate returns, if, pursuant to section 6015(c) and as relevant here, the requesting spouse shows that (1) the spouses made a joint return, (2) they were divorced when the requesting spouse elected to seek relief, (3) the requesting spouse elected to seek relief after the Commissioner asserted a deficiency but no later than two years after the start of collection activities, and (4) the deficiency remains unpaid.

determined in the Notice. But as an intervenor, Mr. Zied has the right to submit only information relevant to petitioner's eligibility for relief. *See Kovitch v. Commissioner*, 128 T.C. 108, 111 (2007) (explaining that intervenors are not permitted to enlarge issues or alter the nature of the proceedings in which they intervene). He did not timely petition the Court with respect to the Notice, and we lack jurisdiction to hear his request to redetermine the deficiency now. *See* Rules 13(a), 20(a); *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092 (9th Cir. 2020); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126 (2022).

Because no valid argument was made to the contrary, the Court agrees, despite intervenor's objection, that petitioner is entitled to relief from joint and several liability under section 6015(c).

To reflect the foregoing,

*Decision will be entered for petitioner.*